837 P.2d 1172

**STATE of Arizona, Appellee,**

v.

**Steve Otero MARTINEZ, Appellant.**

**No. 1 CA–CR 90–769.**

Court of Appeals of Arizona,
Division 1, Department B.

April 14, 1992.

Review Denied Oct. 20, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Law Office of John W. Rood, III by John W. Rood, III, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

This appeal presents the interesting issue whether a trial judge is precluded from enhancing a sentence based on his finding that the underlying offenses were committed while defendant was on probation for a felony after a jury determined that defendant had no prior felony conviction on the same offense for which probation was granted.

### Facts and Procedural Background

On December 13, 1989, appellant Steve Otero Martinez (defendant) was charged by indictment with Count I, trafficking in stolen property, a class 2 felony; Count II, third degree burglary, a class 4 felony; and Count III, theft, a class 3 felony. The state filed an allegation of prior conviction, pursuant to A.R.S. § 13–604, alleging that defendant was previously convicted of theft, a class 6 felony, in Maricopa County Superior Court cause number CR–88–06413 on September 8, 1988. The state also filed an allegation pursuant to A.R.S. § 13–604.-02(B), that the present offenses were committed while defendant was on probation in cause number CR–88–06413. Among defendant's noticed defenses were "insufficiency of prior conviction" and "invalidity of prior conviction."

After the state agreed to dismissal of Count II, the matter was tried by an eight-person jury, which rendered guilty verdicts on Counts I and III. After the verdicts, the state presented the jury with the issue of defendant's prior conviction. Defendant's identity was established by admission of his finger-print card and testimony from an evidence technician from the Maricopa County Sheriff's Office. The state presented certified copies of court records indicating that, after a guilty plea, defendant, who was represented by counsel, was convicted in CR–88–06413 of theft, a class 6 undesignated offense, and was placed on probation for that offense on September 8, 1988. The state also presented evidence that, after the commission of the crimes in this case on November 9, 1989, defendant's probation in CR–88–06413 was revoked and the prior undesignated offense was designated a class 6 felony on March 6, 1990. Defendant's probation officer at the time of the current offenses also testified regarding the revocation of the prior probation, and established that defendant was on probation at the time of these offenses.

The state argued before the jury that it had established that defendant had been convicted of a prior felony, that he was represented by counsel at that time, and his identification as that felon had been established. Defense counsel argued that the state had failed to show that defendant had a felony conviction at the time of the present offenses, because the felony designation occurred after these crimes were committed. After instructions and deliberation, the jury returned the following verdict:

We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find that the Defendant, Steve Otero Martinez, was not previously convicted of Theft, a class 6 felony in the Superior Court of Maricopa County in cause CR 88–06413 on September 8, 1988.

After the jury was discharged, the trial court then considered the remaining issue of the state's allegation that defendant was on probation at the time of the offenses. The court made the following determination:

Based on this record, I will find that the defendant, beyond a reasonable doubt, was on probation at the time he committed this offense, on probation in CR 88–06413, a probation which began September 8th of 1988 and ended March 6th of 1990. Based on evidence, exhibits 5, 6, and the court's taking judicial notice of the court's own records, I further find that the defendant was represented during all relevant proceedings for the conviction upon which he was placed on probation.

On May 4, 1990, the court entered its judgment of guilt, including the judgment that defendant committed the offenses while on probation for a felony offense, in violation of A.R.S. § 13–604.02(B). Defense counsel objected, arguing that the court's finding that defendant was on probation for a felony offense was inconsistent with the jury's factual determination that defendant was not convicted of a felony offense in the same cause. The following discussion ensued:

[DEFENSE COUNSEL]: At the time the offense was committed, the defendant was not on probation for a felony offense. The prior offense had not [yet] been designated as a felony.

....

THE COURT: ... The current statute allows nondesignation, but the law, as I understand it, is that the offense is treated as a felony for all purposes until it is designated otherwise. So isn't the law that when a person is on probation for a class six undesignated, that based there-on, he may be found to have committed the new crime while on probation for a felony, because the other one—the undesignated was never designated a misdemeanor?

[DEFENSE COUNSEL]: And I agree that that would be the case had it not been the jury verdict, the type of jury verdict in this case, the jury finding that it was not a felony at the time.

In response, the state argued as follows:

Counsel's statement with reference to her opinion that the probation statute or the finding of probation is inappropriate here, fails miserably when the court remembers that at the priors trial, she made a misstatement of law to the jury by saying, "You will notice, ladies and gentlemen, that this paper indicates the defendant was not convicted of a felony at the time of the offense." That is not the law.

And, in fact, I contacted one of the jurors after the verdict in this case, ... and she told me that the jury was extremely confused by the undesignated status of this offense. The law is such that a class six open undesignated offense is a felony for all purposes. And I do not believe that the confusion of the jury, exacerbated a bit by the defense's misstatements, should benefit the defendant in any way.

The court sentenced defendant in accordance with its determination that the offenses were committed while the defendant was on probation for a felony: on Count I to the presumptive term of seven years imprisonment, with credit for 139 days of presentence incarceration, to be served consecutive to his sentence in CR 88–16413; on Count III to the presumptive sentence of five years imprisonment, to be served concurrently with the sentence on Count I, and also credited 139 days of presentence incarceration. Defendant was also ordered to pay $100 to the victim's compensation fund.

### Discussion

Defendant filed his opening brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

but raised one arguable issue, to which the state has responded: Did the jury verdict that defendant had not been previously convicted of a felony in CR–88–06413 preclude the trial court from finding that defendant was on probation for a felony offense in that cause at the time of these crimes?

■ Defendant's main contention on appeal is that putting twice at issue the status of his prior felony offense, once as a prior conviction under A.R.S. § 13–604 and again as relevant to whether he was on probation under A.R.S. § 13–604.02(B), constitutes double jeopardy, thus violating article 2, section 10 of the Arizona Constitution and the fifth amendment to the United States Constitution.

The state first contends that defendant has waived his double jeopardy argument by failing to raise it in the trial court. *See, e.g., Dominguez v. Meehan,* 140 Ariz. 329, 332, 681 P.2d 912, 915 (App.1983), *aff'd,* 140 Ariz. 328, 681 P.2d 911 (1984). As defendant notes, although his counsel did not use the "magic words" of double jeopardy in the trial court, she raised the same arguments that are now presented on appeal and thus adequately preserved this issue for appeal. We therefore find no waiver, and address defendant's argument on the merits.

First, we reject defendant's contention that consideration of his probation status for purposes of enhancement under A.R.S. § 13–604.02(B) constitutes double jeopardy. It is well established that the enhancement effects of A.R.S. § 13–604.02 upon a term of imprisonment do not create a separate, triable offense to which jeopardy can attach. *See State v. Hudson,* 158 Ariz. 455, 456, 763 P.2d 519, 520 (1988) (double jeopardy does not preclude new enhancement evidence under A.R.S. § 13–604.02 at resentencing); *State v. Sowards,* 147 Ariz. 156, 158, 709 P.2d 513, 515 (1985) (a noncapital sentencing hearing under A.R.S. § 13–604.-01(B) (now renumbered § 13–604.02(B)) does not meet "the hallmarks of a trial on guilt or innocence" to which double jeopardy extends). Defendant simply did not face a "prosecution" on the issue of his

probation status, and therefore was not subject to double jeopardy on that basis.

■ Defendant also argues that the trial court should have been precluded from finding him on probation for a felony offense because this finding was "inconsistent" with and "contrary" to the jury's factual determination that he had not been convicted of a prior felony. Defendant contends that the jury's verdict constituted a finding that defendant was convicted of a misdemeanor, not a felony, and that once the state allowed the jury to resolve the issue against it, it could no longer seek enhancement based on defendant's probation status for a felony offense.

In our opinion, "consistency" is not necessarily required between a factual determination made by a jury under A.R.S. § 13–604 and one made by a judge under A.R.S. § 13–604.02(B). Because both the factfinders and burdens of proof under each of those enhancement statutes are different, a factual outcome under one section may not preclude an opposite factual outcome under the other. *See Durosko v. Lewis,* 882 F.2d 357, 360–61 (9th Cir.1989), *cert. denied,* 495 U.S. 907, 110 S.Ct. 1930, 109 L.Ed.2d 294 (1990) ("when the disparate burdens of proof are considered, 'implied acquittal' on 13–604 and 'guilt' on 13–604.02 are no longer consistent").

■ For example, under A.R.S. § 13–604, a defendant's prior conviction must be alleged before trial; that issue is a jury question; and the state must establish its proof beyond a reasonable doubt. *State v. Brydges,* 134 Ariz. 59, 653 P.2d 707 (App. 1982) (jury is proper body to determine fact of prior conviction); *State v. Rodgers,* 134 Ariz. 296, 655 P.2d 1348 (App.1982) (priors must be alleged before trial); *State v. Grijalva,* 137 Ariz. 10, 667 P.2d 1336 (App. 1983) (prior conviction must be proven beyond a reasonable doubt). However, under A.R.S. § 13–604.02(B), the issue whether defendant was on probation for a felony offense need not be alleged at trial; requires a finding by the judge alone, not a jury; and proof beyond a reasonable doubt is not required. *See Hudson, Sowards, State v. McNair,* 141 Ariz. 475, 485, 687

P.2d 1230, 1240 (1984) (finding need not be made by a jury); *State v. Rickman*, 148 Ariz. 499, 504, 715 P.2d 752, 757 (1986) (probation status need only be established by "reasonable evidence"); *State v. Hurley*, 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987) (the court must find release status by clear and convincing evidence, not beyond a reasonable doubt). Thus, unlike A.R.S. § 13–604, which governs allegations of prior convictions, A.R.S. § 13–604.02(B) does not require a finding by the jury that defendant was on probation at the time of the offense, but enhancement on that basis is more in the nature of an aggravating circumstance to be determined by the court. *See State v. Turner*, 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984); *Hurley*, 154 Ariz. at 128, 741 P.2d at 261.

█ Defendant's argument is analogous to one asserted under the common law doctrine of collateral estoppel, although we recognize that the doctrine does not attach to a jury verdict. *See State v. Williams*, 131 Ariz. 211, 213, 639 P.2d 1036, 1038 (1982). However, even issue preclusion will not result when the burdens of proof to determine related issues are different. *See, e.g., United States v. National Ass'n of Real Estate Boards*, 339 U.S. 485, 493, 70 S.Ct. 711, 716, 94 L.Ed. 1007 (1950) (judgment of acquittal in criminal action does not bar civil action based on same facts under *res judicata* principles because burden of proof was less stringent in civil action); *Helvering v. Mitchell*, 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938) (acquittal of criminal tax evasion charges was not a bar to remedial civil penalty based on same facts because "difference in degree of the burden of proof" in criminal and civil cases precludes application of the doctrine of res judicata). Thus, even under established common law principles in favor of consistent factual determinations, consistency is not universally required of findings that involve the same facts but different premises of proof. *See also* Note, *Collateral Estoppel, Criminal Proceedings, and the Prevention of Contradictory Results*, 18 Ariz.L.Rev. 668, 678–79 (1976) (indicating that inconsistent jury verdicts are sometimes justified).

We therefore agree with the state that what the jury determined regarding defendant's prior felony conviction was irrelevant to the question regarding defendant's probation status that was before the trial court after the trial. The provisions of A.R.S. § 13–604, which the jury considered, and the provisions of A.R.S. § 13–604.-02(B), which the trial court considered, focus on different circumstances, impose different sentencing requirements, and can be applied independently to the same defendant. *State v. Torrez*, 141 Ariz. 537, 687 P.2d 1292 (App.1984).

█ Although defendant does not appear to challenge the sufficiency of the state's evidence of his probation status, pursuant to our search for fundamental error, we point out that the trial court properly found that defendant was on probation for a felony offense at the time he committed these crimes, even though his prior offense was not designated a felony until after the crimes were committed. Pursuant to A.R.S. § 13–702(H), a class 6 undesignated offense "shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor...." Thus, the trial court correctly considered the probation imposed for a felony offense, and the state presented reasonable evidence to show that defendant was on that status at the time of these crimes.

We have searched the record for fundamental error pursuant to A.R.S. § 13–4035 and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Having found none, we affirm the convictions and sentences.

CLABORNE and LANKFORD, JJ., concur.