108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heriberto SILVA, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Grant Woods, Attorney General,
of the State of Arizona, Respondents-Appellees.
 No. 96-15757.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heriberto Silva, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Silva was convicted of armed robbery after a jury rejected his insanity defense. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 * Probationary Status
 
 
 4
 Silva was convicted by a jury of armed robbery and received a mandatory 25-year sentence because he was on probation at the time of the robbery. He contends his sentence is invalid because there was insufficient evidence of his probationary status. Silva is barred from raising this claim.
 
 
 5
 Silva first raised this claim in Rule 32 proceedings in state court. The trial court found that Silva was on probation at the time of the robbery.[1] See State v. Martinez, 837 P.2d 1172, 1175 (Ariz.Ct.App.1992) ("[T]he issue whether defendant was on probation for a felony offense need not be alleged at trial; requires a finding by a judge alone, not a jury; and proof beyond a reasonable doubt is not required."). The Arizona Court of Appeals concluded that the claim was barred because it could have been raised on direct appeal, and in the alternative, determined "on the limited record before us this issue appears to be without merit." The Arizona Supreme Court denied Silva's petition for review. Accordingly, Silva is barred from raising this issue. See Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) (holding that even if state court reaches merits of claim in the alternative, federal review is barred if state court expressly invokes independent bar against claim); see also Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (adopting a "look-through" presumption for unexplained state court decision).[2]
 
 II
 Ineffective Assistance of Counsel
 
 6
 Silva contends that he received ineffective assistance of trial counsel. This contention lacks merit.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 687-88. If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. Id. at 697.
 
 
 8
 First, Silva contends that counsel was ineffective when counsel asked a psychological expert whether the expert had performed any tests on Silva. The expert replied that he had performed an EEG, a fact of which counsel was unaware. The expert stated that the EEG did not support a diagnosis of epileptic seizures but that an EEG was not definitive, for one could "have a perfectly normal EEG but still have seizures." Because results of the EEG were neither particularly harmful nor helpful to Silva's insanity defense, Silva cannot show prejudice. See id. at 687-88. Moreover, Silva cannot show that counsel was deficient in assuming that the EEG had not been performed, given that the trial court had written a letter to the expert which stated, in reference to an EEG, that "by a copy of this letter I direct that [you] not perform those tests as a county expense." See id. at 687. We also reject Silva's contention that counsel was ineffective for not objecting when an expert witness mentioned Silva's prior criminal history because such an objection would have been unavailing. See State v. Hinchey, 799 P.2d 352, 355 (Ariz.1990) ("Once a defendant raises insanity as a defense, evidence of prior bad acts ... [are] admissible because such evidence may assist the trier of fact in determining criminal responsibility.").
 
 
 9
 Next, Silva contends that counsel was ineffective at pretrial competency proceedings. The record, however, refutes this claim. Counsel successfully moved for a competency hearing; a defense expert testified that Silva was not competent to stand trial; Silva testified before the trial court; and counsel vigorously argued that Silva was not competent. Under these circumstances, counsel's performance was not deficient. See Strickland, 466 U.S. at 687.
 
 
 10
 Finally, Silva has not produced any evidence that demonstrates that he was not on probation at the time of the robbery. Thus, he cannot show that he was prejudiced by his counsel's failure to prevent him from admitting his probationary status on the stand. Id. at 687-88.[3]
 
 
 11
 Accordingly, the district court's denial of Silva's petition is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On direct examination, Silva admitted that he was on probation. After trial, the court asked Silva "[i]n the course of your testimony you admitted ... you were on probation.... You have previously denied [that] allegation .. and you have a right to deny that.... [do] you intend to continue to deny it." Silva answered "No, I couldn't deny I was on probation."
 
 
 [2]
 Silva's claim that he was not apprised of the consequences of admitting his probationary status is belied by the record
 
 
 [3]
 We reject Silva's conclusory statement that appellate counsel was ineffective. See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995) ("[C]onclusory suggestions that [a defendant's] trial and state appellate counsel provided ineffective assistance fall short of stating a valid claim of constitutional violation.")