947 P.2d 910

Synthia BAKER, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Stephen A. Gerst, a judge thereof, Respondent Judge,

Richard M. ROMLEY, the Maricopa County Attorney, Real Party in Interest.

Maurice HARRIS, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Peter T. D'Angelo, a judge thereof, Respondent Judge,

Richard M. ROMLEY, the Maricopa County Attorney, Real Party in Interest.

Nos. 1 CA–SA 97–0084, 1 CA–SA 97–0089.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 9, 1997.

Review Denied Dec. 16, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Richard M. Romley, Maricopa County Attorney by Arthur Hazelton, Deputy County Attorney, Phoenix, for Respondent and Real Party in Interest.

Dean W. Trebesch, Maricopa County Public Defender by Marie G. Dichoso–Beavers, Deputy Public Defender, Russell G. Born, Deputy Public Defender, Jennifer L.S. Willmott, Deputy Public Defender, Phoenix, for Petitioners Baker and Harris.

## OPINION

SULT, Judge.

This special action came on regularly for conference. After taking the matter under advisement, we accepted jurisdiction and denied relief, with a written opinion to follow.

## BACKGROUND

In November 1996, Arizona voters passed "Proposition 200," an initiative measure formally entitled "The Drug Medicalization, Prevention, and Control Act of 1996" ("the Act").[1] The Act, which became effective upon the Governor's proclamation on December 6, 1996,[2] altered the statutory sentencing scheme for persons convicted of possessing or using marijuana or controlled substances. Petitioners Synthia Baker and Maurice Harris have since become criminally liable for such possession and have filed special action petitions seeking application to their respective sentences of Arizona Revised Statutes Annotated ("A.R.S.") section 13–901.01(A) (Supp.1997), a new sentencing statute added by the Act. We have consolidated their petitions for decision.

---

1.  1997 Ariz.Sess.Laws §§ 945, 946.

2.  *See* Ariz. Const. art IV, pt. 1, § 1(5).

## I. Baker

Baker was charged with possessing less than two pounds of marijuana and with possessing drug paraphernalia, both class 6 felonies and both committed on November 27, 1996. On January 3, 1997, Baker pled guilty to the marijuana charge pursuant to a plea agreement, with the paraphernalia charge to be dismissed. Acceptance of the plea agreement was deferred until sentencing. At sentencing on February 6, 1997, the trial court indicated its agreement with the presentence report's recommendation of six months incarceration as a condition of probation. Baker protested, arguing that section 13–901.01(A) precluded her incarceration. The trial court thereupon stayed further proceedings so that Baker could seek special action relief in this court.

## II. Harris

Harris was charged with possessing a narcotic drug on June 24, 1996, a class 4 felony. The matter did not go to trial until January 1997 and, on January 28, a jury found him guilty as charged. Harris subsequently admitted to a prior felony conviction for attempted robbery.

During the sentencing phase, Harris argued to the trial court that section 13–901.01(A) precluded imposition of a mandatory prison term as required by A.R.S. section 13–604(A) (Supp.1996) for repetitive offenders. The trial court found the Act inapplicable, but granted a continuance so that Harris could seek a stay and special action relief. We granted a stay after Harris filed his petition.

## . ISSUE

Is the Act applicable to persons who commit a specified offense before the effective date of the Act, but are found guilty after the effective date?

## JURISDICTION

As to both petitioners, the facts are undisputed and the issue presented is solely one of law. The issue is of first impression, and numerous individuals throughout the state are likely to be situated similarly to petitioners. We see no advantage to further litigation in the trial court on the issue, and therefore deem special action jurisdiction appropriate. See *Fairness and Accountability in Ins. Reform v. Greene*, 180 Ariz. 582, 586, 886 P.2d 1338, 1342 (1994) (accepting special action jurisdiction where the parties presented a pure legal issue of first impression and statewide importance).

## ANALYSIS

■ A.R.S. section 13–901.01(A) states in relevant part:

Notwithstanding any law to the contrary, any person who is *convicted* of the personal possession or use of a controlled substance ... shall be eligible for probation.

(Emphasis added.).[3] Petitioners focus on the term "convicted" as support for their argument that this provision is applicable to them. They argue that because they were "convicted" of their respective crimes after December 6, 1996, the effective date of the Act, this statute governs the trial court's sentencing options. The state counters that section 13–901.01(A) does not apply to petitioners because the Act was not in effect when their offenses were "committed," citing A.R.S. section 1–246 (1995), which governs generally the applicability of new or amended sentencing statutes.

Petitioners treat the term "convicted" as designating a point in time when the statute's sentencing provisions become applicable. To petitioners, the location of this point would vary as to individual criminal defendants, since applicability would be dependent on how quickly or slowly each case was processed through the system. In so arguing, they impliedly reject the notion that there is a fixed and unvarying point in time by which the statute's applicability to any offense can be determined. Petitioners offer two arguments in support of their contention. First, they assert that this is what the term "convicted" plainly means, and we must adopt

---

**3.** Since its passage, the Act, including subsection (A), has been amended in part by the Legislature. These amendments do not affect our construction of the Act's provisions in this opinion.

this meaning as the true intent behind the legislation. Second, they argue that the "legislative history" of the Act supports this interpretation.

■ Petitioners' first argument essentially urges us to apply a literal meaning to "convicted." It is true that generally the "best and most reliable evidence of a statute's meaning is its language." *Jenkins v. First Baptist Church,* 166 Ariz. 243, 245, 801 P.2d 478, 480 (App.1990). If the language is clear and unambiguous, that will determine the statute's construction. *Id.* However, notwithstanding these principles of construction, we are not free to simply give a literal meaning to every word in a statute without considering the impact of such action on other related statutes. As our supreme court has noted:

> The general rule is that the court may look to prior and contemporaneous statutes in construing the meaning of a statute. . . . If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. . . . *[T]he legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes.* This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other, and it is immaterial that they are found in different chapters of the revised statutes.

*State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (emphasis added).

*Larson* teaches that we cannot view section 13–901.01(A) in isolation and discern legislative intent as to its applicability solely from the literal meaning of its language. As the state has argued, A.R.S. section 1–246 deals directly with the applicability of new or amended sentencing statutes and is therefore relevant to our inquiry. It provides as follows:

> When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

Section 1–246 is a clear and unequivocal expression of legislative intent that an offender's punishment is to be determined when he commits his offense, and as such it directly contradicts petitioners' argument regarding the supposed intent behind section 13–901.01(A).

Also relevant are the many other sentencing statutes in which the term "convicted" is commonly used in describing those to whom the statute is to apply. For example, A.R.S. section 13–603(B) (Supp.1996) authorizes trial courts to suspend the imposition or execution of a sentence and impose a period of probation if a defendant "is convicted" of a criminal offense. Other subsections of that statute require trial courts to assess restitution for victims, impose specified fines, and order terms of imprisonment if a defendant "is convicted" of a criminal offense. A.R.S. §§ 13–603(C), (E) (Supp.1996). Under A.R.S. section 13–702.02(A) (Supp.1996), a defendant who "is convicted" of multiple felony offenses committed on different occasions must be sentenced pursuant to a special scheme set forth in that statute. Finally, A.R.S. section 13–804(E) (Supp.1996) provides that if more than one defendant "is convicted" of an offense which caused a financial loss, the defendants are jointly and severally liable for any restitution.[4]

No authority has ever held that the use of the term "convicted" in these statutes causes their application to depend on the date the offender is "convicted" rather than the date he committed the offense. To the contrary, while petitioners' precise argument has not been presented before, statutes amending or even deleting punishment for certain conduct have consistently been held by our courts to be controlled by section 1–246 or its prede-

---

4. Other sentencing statutes that apply to persons who are "convicted" of an offense include A.R.S. sections 13–604(A)–(K), 13–604.01(A)–(C)(Supp. 1996), 13–702(A)(Supp.1996), and 13–710 (Supp. 1996).

cessors. *See, e.g., State v. Hamilton,* 177 Ariz. 403, 406, 868 P.2d 986, 989 (App.1993) (holding that amendment to child molestation statute which reduced age requirement was not applicable to reduce offense for defendant who committed molestation before effective date of amendment, citing *inter alia* section 1–246); *State v. Scrivner,* 125 Ariz. 508, 510, 611 P.2d 95, 97 (App.1979) (holding that where punishment for crime of first-degree burglary was reduced by enactment of 1978 criminal code, defendant who committed offense before enactment was properly sentenced under previous code, citing *inter alia,* section 1–246); *Midkiff v. State,* 43 Ariz. 323, 326, 30 P.2d 1057, 1058 (1934) (holding that where statute decriminalized the offense of practicing law without a license, defendant committing offense before effective date of statute was properly convicted under repealed statute). We are not convinced that giving a literal meaning to "convicted" accurately reflects the legislative intention as to the applicability of section 13–901.01(A).

Petitioners nevertheless argue that the "legislative history" behind section 13–901.01(A) shows that the voters intended that the application of the statute depend on the date an offender was convicted. As evidence, petitioners rely on a sentence from the Analysis by Legislative Council, a document required by A.R.S. section 19–124 (1996) to be prepared and incorporated in the official publicity pamphlet for a voter-initiated referendum. In relevant part, section three of the Analysis provides that the Act would:

> Require that persons who are **convicted** after the proposition passes of the personal possession or use of a controlled substance such as marijuana be eligible for probation.

(Emphasis added.). Petitioners argue that in considering and passing the proposition, the voters relied on the publicity pamphlet and its reference to "convicted" and this therefore reflects their intent that petitioners and others similarly situated be sentenced under the new statute.

Assuming, without deciding, that the Analysis in the publicity pamphlet can be considered as legislative history, we fail to see what this particular excerpt adds. The Analysis does not define the term "convicted," and its use simply begs the question of the meaning to be given to the term as it appears in the statute. Moreover, in no other place does the Analysis directly or indirectly give any clue that section 13–901.01(A) was intended to be an exception to the general rule of section 1–246.

We do not find petitioners' arguments persuasive. Moreover, we discern a compelling reason not addressed by the parties why petitioners' arguments must be rejected. This concerns the *ex post facto* provisions of the United States and Arizona Constitutions, both of which would be implicated by adoption of petitioners' arguments.

If we were to construe "convicted" in section 13–901.01(A) as petitioners request, we would have to give it the same meaning in all other provisions of the Act in which it appears, unless the context clearly and unequivocally required otherwise. *See State v. Pinto,* 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App.1994) (legislative intent is presumed constant within a statute and court must harmonize different parts of the statute so as to give the same effect to all parts). The Act adds A.R.S. section 41–1604.14 (Supp.1996), which defines "violent crime" in terms which essentially mirror the definition of a dangerous nature felony used in several subsections of existing A.R.S. section 13–604.[5] For someone who is "convicted" of a violent crime while under the influence of a controlled substance, the new section 41–1604.14 denies any type of parole or early release. By contrast, a person sentenced under existing section 13–604 is eligible to earn credit toward early release of one day for every six days served. *See* A.R.S. § 41–1604.07 (Supp. 1996).

---

**5.** *Compare* section 41–1604.14(B): "[A] violent crime includes any criminal act which results in death or physical injury or any criminal use of weapons or dangerous instruments" *with, e.g.,* section 13–604(I): "[U]pon a first conviction of a class 2 or 3 felony involving discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or ... the intentional or knowing infliction of serious physical injury...."

By adopting petitioners' proposed meaning of "convicted," a person would be subject to a punishment which was not in effect when he committed his crime and which is harsher than the punishment that was in effect. To illustrate, assume that before the effective date of the Act a person commits aggravated assault involving the use of a firearm. Assume further that at the time the person also happened to be under the influence of a controlled substance. Assume finally that the person is not tried until after the Act becomes effective. Under petitioners' interpretation, there would be no statutory impediment to the prosecutor adding the allegation that the person committed the crime under the influence of a controlled substance, thereby subjecting the person, if "convicted," to the harsher punishment under the new statute.

 This illustration is a textbook example of an *ex post facto* law. *See State v. Noble*, 171 Ariz. 171, 174, 829 P.2d 1217, 1220 (1992) (indicating that a state may not enact a law that changes the punishment and imposes a greater punishment than that attached to the crime when committed); *Saucedo v. Superior Court (Buckelew)*, 1 CA–SA 97–0088 (App. Sept. 2, 1997) (same). Such a law is prohibited by both the United States and Arizona Constitutions. *See U.S. Const. art. I, § 9, cl. 3; Ariz. Const. art. II, § 25.* By construing "convicted" as petitioners request, we would be construing the Act so as to render portions of it unconstitutional. However, in interpreting statutes, we do not presume that the legislature intended to enact an unconstitutional provision, and we therefore avoid such a construction when it is not mandated and there is a reasonable alternative construction. *See Fry's Food Stores v. Mather & Assocs.*, 183 Ariz. 89, 91, 900 P.2d 1225, 1227 (App.1995).

We see no reason why we should construe "convicted" in section 13–901.01(A) as petitioners assert and thereby render it unconstitutional. A reasonable alternative construction of the term "convicted" as used in this statute is as the antonym of "acquitted"; that is, the term simply designates the *status* that must be achieved before the statutory sanction applies. It is not intended to condition

the statute's applicability on an uncertain and fortuitous point on a chronological continuum. We therefore reject petitioners' interpretation and instead conclude that section 1–246 controls the applicability of section 13–901.01(A). As a result, we find section 13–901.01(A) does not apply to petitioners.

## CONCLUSION

For the reasons set forth above, we accept special action jurisdiction but deny relief.

FIDEL, P.J., and PATTERSON, J., concur.