945 P.2d 1332

Evangeline Ann BOLTON, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF YUMA, The Honorable Philip L. Hall, a judge thereof, Respondent Judge,

and

The STATE of Arizona, Real Party in Interest.

No. 1 CA–SA 97–0235.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 7, 1997.

Kathryn E. Stocking, Yuma, for Petitioner.

Roger A. Nelson, Yuma County Attorney, Yuma, for Real Party in Interest.

Grant Woods, Attorney General by Randall M. Howe, Assistant Attorney General, Phoenix, Amicus Curie.

## OPINION

NOYES, Judge.

Defendant pleaded guilty to possession of marijuana having a weight of less than two pounds. Although this was her third conviction for possession of drugs, the plea agreement provided that "Probation is mandatory," meaning that the parties intended for her to be sentenced as if this were her first conviction. The trial court refused to ignore the prior convictions; it rejected the mandatory probation provision of the plea agreement, then stayed sentencing so Defendant could file this special action. We accepted jurisdiction because the case raises an important question of law which should be decided before Defendant is sentenced. *See* Arizona Rule of Procedure for Special Actions 1.

The Yuma County Attorney's Office filed no response. The Attorney General's Office filed an amicus brief eight days late, which we accepted because that office had late notice of the petition. Defendant's reply brief has been considered as well.

### I.

The case requires interpretation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–901.01 (1997), which was enacted following the passage of Proposition 200 in the 1996 general election.[1] As relevant here, subsections A and B of section 13–901.01 mandate probation on a first conviction of possession of certain drugs, and subsection F provides that subsections A and B do not apply if defendant has "previously been convicted two or more times of any offense listed in this subsection." Defendant has two prior convictions for offenses listed in subsection F.

Because of her prior convictions, the trial court rejected "that portion of the plea agreement which stated that probation was mandatory." The court concluded that the existence of prior convictions was "a matter for determination by the court at the time of sentencing." We agree.

Defendant argues that a prior conviction exists for purposes of section 13–901.01 only

---

1. Section 13–901.01 provides:

    A. A person who is convicted of a first or second possession or use of marijuana in violation of section 13–3405, subsection A, paragraph 1, possession or use of a dangerous drug in violation of section 13–3407, subsection a[sic], paragraph 1 or possession or use of a narcotic drug in violation of section 13–3408, subsection A, paragraph 1 is eligible for probation unless any of the following apply:
       1. The person has two or more historical prior felony convictions as defined by section 13–604 not involving possession of marijuana, a dangerous drug or a narcotic drug; or
       2. The person has a historical prior conviction for a violent offense as defined in section 13–604.04 or an offense involving the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.

    B. A person eligible for probation pursuant to subsection A of this section shall be placed on probation, unless the person rejects probation, if any of the following apply:
       1. The person has no historical prior felony convictions; or
       2. The person has one historical prior felony conviction and that conviction is for possession or use of marijuana, dangerous drugs or narcotic drugs.
    . . . .
    F. The provisions of this section do not apply to a person who is convicted of possession or use of marijuana in violation of section 13–3405, subsection A, paragraph 1, possession or use of a dangerous drug in violation of section 13–3407, subsection A, paragraph 1 or possession or use of a narcotic drug in violation of section 13–3408, subsection A, paragraph 1 and the person has previously been convicted two or more times of any offense listed in this subsection.

if it is properly alleged by the State. In support of this argument she relies on section 13–604(P) (Supp.1996), which provides for enhanced sentencing if prior convictions are "charged in the indictment or information and admitted or found by the court...." *See State v. Martinez*, 172 Ariz. 437, 440, 837 P.2d 1172, 1175 (App.1992) (noting that section 13–604 requires that prior convictions be "alleged before trial").

 Defendant argues that section 13–901.01(F) is "susceptible to more than one interpretation, [and] the rule of lenity dictates that any doubt should be resolved in favor of the defendant." *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996). We conclude that section 13–901.01 is unambiguous on this point. Unlike section 13–604, section 13–901.01 does not require that the State allege prior convictions before they are deemed to exist. Therefore, we hold that whether a defendant is entitled to be sentenced pursuant to section 13–901.01 is a matter of law to be decided by the court; it is not a matter of pleading or plea bargaining to be decided by the State.

 The provisions of section 13–604 apply if, among other things, the State alleges a prior conviction. Because the State did not file such an allegation here, Defendant cannot be sentenced pursuant to section 13–604. The provisions of section 13–901.01 apply if, among other things, a person has fewer than two prior convictions for possession of drugs. Because Defendant has two such prior convictions, Defendant cannot be sentenced pursuant to section 13–901.01 and the trial court did not err in rejecting the mandatory probation provision of the plea agreement.

Because part of the plea agreement was rejected, Defendant should be given the option of withdrawing from it pursuant to Rule 17.4(e), Arizona Rules of Criminal Procedure.

Jurisdiction was previously accepted and relief is now denied.

GRANT, P.J., and KLEINSCHMIDT, J., concur.