76 P.3d 867

**Phillip Kyle RANEY, Petitioner,**

v.

**The Honorable Thomas B. LINDBERG, Judge of the Superior Court of The State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 02–0270.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 23, 2003.

---

Sheila Sullivan Polk, Yavapai County Attorney By Mark K. Ainley, Deputy County Attorney, and Dennis M. McGrane, Deputy County Attorney, Prescott, Attorneys for Real Party in Interest.

C. Kenneth Ray II, P.C. By C. Kenneth Ray II, Prescott, Attorney for Petitioner.

## OPINION

HALL, Judge.

¶ 1 This special action presents two issues for our consideration:

1. Does Arizona Revised Statutes ("A.R.S.") section 13–901.01(F) (2001) apply when the state has not formally alleged a conviction and when the plea agreement includes no reference to it?

2. Does the offense of solicitation of possession of a dangerous drug constitute a previous conviction pursuant to § 13–901.01(F)?

We answer both questions in the affirmative.[1] In answering the first question, we follow *Bolton v. Superior Court,* 190 Ariz. 201, 945 P.2d 1332 (App.1997) and distinguish *State v. Hensley,* 201 Ariz. 74, 31 P.3d 848 (App.2001) and *State v. Benak,* 199 Ariz. 333, 18 P.3d 127 (App.2001). In answering the second question, we decline to follow *State v. Ossana,* 199 Ariz. 459, 18 P.3d 1258 (App.2001).

## BACKGROUND

¶ 2 On May 29, 2002, Petitioner Phillip Raney was indicted for the following offenses: possession of a dangerous drug, a class four felony, in violation of A.R.S. §§ 13–3407 (Supp.2002), –3401 (Supp.2002), –701 (2001), –702 (Supp.2002) and –801 (2001) (count one); possession of drug paraphernalia, a class six felony, in violation of A.R.S. §§ 13–3415 (2001), –3401, –701, –702 and –801 (count two); and interference with judicial proceedings, a class one misdemeanor, in violation of A.R.S. §§ 13–2810 (2001), –2801

(2001), –707 (2001) and –802 (2001) (count three). Thereafter, the state alleged that Raney had a historical prior felony conviction for the offense of solicitation to possess dangerous drugs in Yavapai County Superior Court Cause No. CR98–0258 and that he committed the current offenses while on probation in CR98–0258 pursuant to A.R.S. §§ 13–604 (2001) and 13–604.02(B) (2001), respectively. Raney eventually entered a plea agreement in which he agreed to plead guilty to count two on the condition that the state dismiss counts one and three and the enhancement allegations. The plea agreement also provided that probation "is available" and set forth the range of imprisonment for a class six felony offense as set forth in A.R.S. §§ 13–701, –702 and –702.01 (2001). No mention was made in either the indictment or plea agreement of § 13–901.01, the statute that mandates probation for first- and second-time convictions for possessory drug offenses.

¶ 3 During a combined admission hearing/change of plea in case nos. CR98–0258 and CR2002–0486 (the current case), Raney's attorney stated, in response to the trial court's inquiry regarding the applicability of § 13–901.01, that possession of drug paraphernalia was a § 13–901.01 offense and that it would be a "second strike ... assuming [that] solicitation was a first strike and I guess that would be subject to some interpretation." Accordingly, the trial court advised Raney that probation was mandatory but that "[t]his would be a second Prop 200 offense[2] which means [I could] send you to jail up to a flat year. ..." Nonetheless, Raney filed a sentencing memorandum citing *Hensley* and *Benak* in which he asserted, contrary to his comments at the change of plea hearing, that he could not be required to serve any jail time as a condition of probation for the paraphernalia case because the state had neither alleged nor proved petitioner's

---

1. Throughout this opinion we refer to the version of § 13–901.01 in effect before its amendment by 2002 Laws, H.C.R.2013 (Proposition 302, approved in election on November 5, 2002, effective November 25, 2002). Section 13–901.01(F) previously provided "[i]f a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensi-

fied drug treatment, community service, intensive probation, home arrest or any other action within the jurisdiction of the court." The amendment added possession of drug paraphernalia as a prior conviction offense.

2. Proposition 200 is the voter approved initiative proposal formally entitled "The Drug Medicalization, Prevention, and Control Act of 1996" that is codified in part as § 13–901.01.

solicitation conviction so as to "enhance" his punishment pursuant to § 13–901.01(F).

¶ 4 At the joint sentencing/disposition hearing, the court rejected Raney's assertion, imposed concurrent probationary terms for a period of two years, and ordered petitioner to serve 280 days in Yavapai County Jail in case no. CR2002–0486. Raney then filed a motion to modify sentence in which he asserted that the plea agreement was "unambiguous" and that petitioner was therefore entitled to be sentenced as a "first-time" drug offender. After the trial court denied Raney's motion, he filed this special action.

## JURISDICTION

¶ 5 Special action jurisdiction is discretionary. *Demarce v. Willrich,* 203 Ariz. 502, 504, ¶ 5, 56 P.3d 76, 78 (App.2002). Accepting special action jurisdiction is appropriate when the case raises an important question of law with undisputed facts, *see Baker v. Superior Court,* 190 Ariz. 336, 338, 947 P.2d 910, 912 (App.1997), and we have often accepted special action jurisdiction in cases interpreting § 13–901.01, *see, e.g., Stubblefield v. Trombino ex rel. County of Maricopa,* 197 Ariz. 382, 383, ¶ 2, 4 P.3d 437, 438 (App.2000); *Calik v. Superior Court,* 194 Ariz. 188, 189, ¶ 2, 979 P.2d 1, 2 (App.1998) *vacated on other grounds by Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055 (1999); *Goddard v. Superior Court,* 191 Ariz. 402, 403, ¶ 1, 956 P.2d 529, 530 (App.1998); *Baker,* 190 Ariz. at 338, 947 P.2d at 912; *Bolton,* 190 Ariz. at 202, 945 P.2d at 1333. This case presents important questions of law regarding the interpretation of § 13–901.01 that are likely to recur and involve undisputed facts; we therefore accept special action jurisdiction.

## DISCUSSION

**I. Must the State Allege a Previous Conviction for a Defendant to be Sentenced under § 13–901.01(F)?**

¶ 6 As a matter of constitutional due process, a defendant is entitled to notice of the range of potential sentence he or she faces before trial or the entry of a guilty plea. *State v. Waggoner,* 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985); *Benak,* 199 Ariz. at 337, ¶ 14, 18 P.3d at 131 (App.2001). A charging document provides a defendant with the requisite notice by citing the applicable statutes pertaining to the charged crime(s) in compliance with Arizona Rule of Criminal Procedure 13.2(b). *State v. Blazak,* 131 Ariz. 598, 601, 643 P.2d 694, 697 (1982) (defendant's due process right to notice not violated by first-degree murder indictment that omitted reference to death penalty statute). Here, counts one and two of the indictment not only listed the felony statutes that Raney was accused of violating, but also cited §§ 13–701 and –702, thus clearly informing him of the potentiality of a prison sentence should he be convicted of either of those counts. *See State v. Burge,* 167 Ariz. 25, 28, 804 P.2d 754, 757 (1990) (citation to § 13–604 in indictment sufficient to place defendant on notice of "dangerousness" allegation).

¶ 7 Raney claims, however, that such general notice is insufficient because *Benak* and *Hensley* require the state to allege and prove any prior drug-related convictions that disqualify him from "first-time" drug offender sentencing under Proposition 200. In *Benak,* the court, citing concerns of fundamental fairness and due process, held that A.R.S. § 13–604.04 (2001) applies to § 13–901.01 and requires that the state give notice to a defendant if it wishes to "enhance" a defendant's sentence with a prior conviction for a violent crime pursuant to § 13–901.01(B).[3] 199 Ariz. at 337, ¶ 14, 18 P.3d at 131. Similarly, in *Hensley,* the court applied *Benak* in the context of a probation violation proceeding in which the state had not alleged defendant's violent-crime convictions before Hensley's convictions on the underlying charges. *Hensley,* 201 Ariz. at 77, ¶ 12, 31 P.3d at 851.

¶ 8 The state responds that this case is instead governed by *Bolton.* Bolton pleaded guilty to possession of marijuana in a plea agreement that provided: "Probation is man-

---

**3.** Section 13–901.01(B) provides "[a]ny person who has been convicted of or indicted for a violent crime as defined in § 13–604.04 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title." Section 13–604.04(A) provides that "[t]he allegation that the defendant committed a violent crime shall be charged in the indictment or information and admitted or found by the court."

datory." *Bolton,* 190 Ariz. at 202, 945 P.2d at 1333. When the presentence report revealed that Bolton had two previous convictions for possession of drugs, the trial court concluded that the existence of disqualifying convictions under § 13–901.01(F) and (G) was "a matter for determination by the court at the time of sentencing." *Id.* We agreed, holding "that whether a defendant is entitled to be sentenced pursuant to section 13–901.01 is a matter of law to be decided by the court; *it is not a matter of pleading or plea bargaining to be decided by the State.*" *Id.* at 203, 945 P.2d at 1334 (emphasis added).

¶ 9 As a matter of statutory interpretation, we believe *Benak* and *Hensley* are distinguishable from *Bolton.* In interpreting § 13–901.01(B), both *Benak* and *Hensley* primarily relied on § 13–604.04(A), which is worded similarly to A.R.S. § 13–604(P) (2001) in that it requires the state to "allege" prior "violent crime" convictions before trial. In other words, the applicability of § 13–901.01(B) depends upon the prosecutor's discretionary pleading practice and is, correspondingly, part and parcel of the plea bargaining process. Conversely, as observed in *Bolton,* §§ 13–901.01(F) and (G) do "not require that the State allege prior convictions before they are deemed to exist." 190 Ariz. at 203, 945 P.2d at 1334.

■ ¶ 10 Despite the lack of any express pleading requirement, Raney asserts that, as a matter of constitutional due process, he is entitled to pretrial notice of any prior drug convictions before he may be incarcerated in jail as a condition of probation under § 13–901.01(F). We disagree.

¶ 11 First, as pointed out in *Bolton,* there is nothing in the language of § 13–901.01 that suggests that the electorate that enacted Proposition 200 intended that trial courts ignore the existence of disqualifying prior convictions that are not alleged by the prosecutor. Indeed, as to second-time offenders, our supreme court has construed the provision in § 13–901.01(F) allowing "any other action within the jurisdiction of the court" as *explicit authorization for a trial court to impose up to one year in jail as a condition of mandatory probation as permitted by the general probation statute, A.R.S. § 13–901(F) (2001). Calik,* 195 Ariz. at 499, ¶ 13, 990 P.2d at 1058.

■ ¶ 12 Second, the introductory phrase of § 13–901.01(A)—"[n]otwithstanding any law to the contrary"—makes it clear that § 13–901.01's mandatory probation provisions applicable to first- and second-time convictions for personal possession or use are an exception in the form of a downward departure from the prison eligibility that otherwise accompanies the conviction of felony offenses. Indeed, a trial court cannot impose a legally complete punishment even for first-time offenders by reference to § 13–901.01 alone because it is not a "stand-alone" criminal statute; instead, drug offenses are proscribed, and their designation as felonies is determined, by Chapter 34 of Title 13. Accordingly, various penalty provisions of Chapter 34 apply generally to all people convicted of certain drug offenses regardless whether they also qualify for mandatory probation under § 13–901.01. For example, even though § 13–901.01 does not expressly list community service as an available option for first-time offenders, a first-time dangerous drug offender must still fulfill the community service requirement imposed by A.R.S. § 13–3407(I) (Supp.2002). *State v. Story,* 206 Ariz. 47, 75 P.3d 137, 139–41, ¶¶ 9–17, (App.2003).

¶ 13 Section 13–901.01 effectively creates a limited exception to the general punishment statutes by preventing the court from incarcerating first-time offenders or imprisoning second-time offenders. As a result, §§ 13–901.01(A), (D) and (E) restrict a trial court's sentencing discretion by mandating probation without incarceration for first-time offenders. *See Calik,* 195 Ariz. at 499, ¶ 12, 990 P.2d at 1058. Similarly, when a trial court exercises the authority granted by § 13–901(F) over a second-time offender and imposes a jail term, a defendant is not receiving an "enhanced" sentence for which pretrial notice is required. *See Waggoner,* 144 Ariz. at 238–39, 697 P.2d at 321–22. Rather, such an offender is simply being punished pursuant to other provisions of Title 13 in a manner consistent with the "graduated sequence of punishment [ ] intended" by the electorate that approved Proposition 200. *Id.* at ¶ 14, 697 P.2d 320.

¶ 14 We find further support for our holding that the existence of disqualifying prior convictions under § 13–901.01 is a matter to be determined by the trial court unrestricted by the vagaries of plea bargaining by comparing it to A.R.S. § 13–702(G) (2001). That latter statute permits a trial court to designate certain class 6 felonies as class 1 misdemeanors or to leave them undesignated pending termination of probation unless the person "has previously been convicted of two or more felonies." Even though the inability of the trial court in such circumstances to designate an offense as a misdemeanor can have serious consequences including the eventual imposition of a prison term, to our knowledge it has never been contended that § 13–702(G) prevents a trial court from finding the existence of disqualifying convictions not alleged by the state.

■ ¶ 15 Furthermore, even assuming that our analysis should be governed by *Benak* and *Hensley* rather than *Bolton,* we would still reject Raney's argument that the court improperly sentenced him as a second-time offender. To the extent that there was any ambiguity in the written plea agreement regarding his eligibility to receive jail time, any possible confusion on Raney's part was alleviated during the change of plea proceedings by the trial court's thorough explanation to him of the range of sentence, including the possibility that it could impose up to one year in jail as a condition of probation. *See* ¶ 3, *supra.* Because Raney clearly understood that his plea of guilty subjected him to possible jail time, the court complied with Arizona Rule of Criminal Procedure Rule 17.2(b) and *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (requiring trial court ensure that defendant "has a full understanding of what the plea connotes and of its consequence"). *See Waggoner,* 144 Ariz. at 239, 697 P.2d at 322.

■ ¶ 16 In summary, we reject Raney's claim that *Benak* and *Hensley* require that prior disqualifying convictions be alleged by the state. Instead, because § 13–901.01 does not require that the state allege prior convictions and because the existence of disqualifying priors does not result in an "enhanced" sentence that requires pretrial notice other than that provided by the indictment in this case,[4] we reaffirm *Bolton*'s holding that the existence of prior convictions is a matter for determination by the court at the time of sentencing.[5]

## II. Does a Preparatory Drug Offense Qualify as a Prior Conviction under § 13–901.01?[6]

¶ 17 By its literal terms, § 13–901.01(A) is limited to "any person who is convicted of the personal possession or use of a controlled substance[,]" thereby arguably excluding pre-

---

4. In dicta, *Benak* characterizes *Bolton's* holding as "overbroad" outside its plea bargaining context. 199 Ariz. at 336 n. 3, 18 P.3d at 130 n. 3 (citing *State ex rel. Bowers v. Superior Court,* 173 Ariz. 34, 40, 839 P.2d 454, 460 (App.1992)) (prosecutor has sole discretion to allege prior convictions for purposes of sentence enhancement). However, because disqualifying convictions under §§ 13–901.01(F) and (G) are not subject to the prosecutor's discretionary charging authority, this dicta is inconsistent with our holding. Of course, pursuant to Arizona Rule of Criminal Procedure 17.4(a), the parties may enter into agreements on "any aspect of the case" over which the court has discretionary sentencing authority. For example, even if a defendant is ineligible for mandatory probation pursuant to § 13–901.01(G), the parties may nonetheless stipulate to probation.

5. Based on the circumstances in this case, Raney's prior conviction for solicitation to possess dangerous drugs is not in dispute. Therefore, we need not consider the procedures that should be followed by a trial court when making findings regarding prior convictions. *Cf. State v. Rodri-*

*quez,* 200 Ariz. 105, 106, ¶ 5, 23 P.3d 100, 101 (App.2001) (holding that trial court abused its discretion by imposing prison term on defendant convicted for personal drug possession when record did not show existence of any disqualifying convictions). We note, however, that our criminal rules provide a defendant with the opportunity to challenge, clarify, or correct any aspect of a pre-sentence report. *See* Ariz. R.Crim. Proc. 26.7 and 26.8.

6. The plea agreement in CR98–0258 reflects that petitioner also pled guilty to possession of drug paraphernalia, which was to be reduced to a misdemeanor if petitioner successfully completed a drug treatment program. In its supplemental brief, however, the state represents that the paraphernalia charge was *dismissed* because petitioner successfully completed drug treatment. We accept the state's representation and therefore reach the question whether petitioner's solicitation conviction counts as a prior conviction for purposes of § 13–901.01(F).

paratory drug possession offenses. Nonetheless, recognizing that "pragmatic construction is required if technical construction would lead to absurdity[,]" *State v. Weible*, 142 Ariz. 113, 118, 688 P.2d 1005, 1010 (1984), our appellate courts have sought to avoid the absurdity that would result if a person convicted of a drug offense less serious than personal possession or use could be sentenced to prison by interpreting § 13–901.01(A) as mandating probation for less serious drug-related offenses that do not fit within its literal language. *See State v. Estrada*, 201 Ariz. 247, 252, ¶ 24, 34 P.3d 356, 361 (2001) (applying probation eligibility provisions of Proposition 200 to convictions for possession of items of drug paraphernalia associated solely with personal use by individuals); *Stubblefield*, 197 Ariz. at 383, 4 P.3d at 438 (Proposition 200 applies to attempted possession of narcotic drugs). This interpretation also effectuates the electorate's intent that first-time drug offenders receive drug treatment and education instead of incarceration.

¶ 18 This case presents the related question whether the identical "personal possession or use of a controlled substance" language used in §§ 13–901.01(F) and (G) also incorporates preparatory drug offenses as prior convictions. Our colleagues in Division Two, in the context of a defendant who had two previous convictions for attempted possession of narcotic drugs, concluded "that it would be contrary to the intent of Proposition 200 to expand the language of subsection (G) beyond its plain meaning to include preparatory offenses to the detriment of a defendant...." *Ossana*, 199 Ariz. at 462, ¶ 11, 18 P.3d at 1261. In addition to what it perceived as the "true intent of the proposition," the *Ossana* court expressed its concern that inclusion of attempt convictions as prior offenses would violate a defendant's due process right to fair warning and also believed that the rule of lenity should apply because § 13–901.01(G) is "ambiguous as to whether preparatory offenses are included in its purview...." *Id.* Thus, the court "declined to include to the detriment of [Ossana] a drug-related crime of a less serious nature than the specifically enumerated crimes of personal possession or use of a controlled substance

in § 13–901.01(A) and (G)." *Id.* at ¶ 12, 18 P.3d 1258.

 ¶ 19 After consideration, we respectfully reach a contrary conclusion. The touchstone of our analysis is the intent of the drafters of Proposition 200 and the voters who enacted it. "Our primary purpose is to effectuate the intent of those who framed the provision and, in the case of an [initiative], the intent of the electorate that adopted it." *Calik*, 195 Ariz. at 498, ¶ 10, 990 P.2d at 1057 (quoting *Jett v. City of Tucson*, 180 Ariz. 115, 119, 882 P.2d 426, 430 (1994)). As noted above, our appellate courts, relying on what they presumed would have been the intent of the electorate, have repeatedly interpreted the reference to "personal possession or use of a controlled substance" in § 13–901.01(A) to include less serious drug offenses not explicitly covered by the statutory language. These interpretations were not based on any belief that the language was ambiguous; to the contrary, these results were reached despite the lack of any apparent ambiguity. *See, e.g., Estrada*, 201 Ariz. at 251, ¶ 19, 34 P.3d at 360 ("[I]t is [ ] well established that even where statutory language is 'clear and unambiguous,' we will not employ a 'plain meaning interpretation [that] would lead to ... a result at odds with the legislature's intent.'") (quoting *Resolution Trust Corp. v. W. Techs., Inc.*, 179 Ariz. 195, 201, 877 P.2d 294, 300 (App.1994)).

¶ 20 We find it inconceivable that the electorate would have intended that the same preparatory drug offenses that are encompassed within the probation-eligibility guarantee of § 13–901.01(A) should nonetheless be excluded from the scope of the identical language used in §§ 13–901.01(F) and (G). Such an interpretation will inevitably produce absurd results that would decrease public confidence in the fair administration of justice. For example, under *Ossana*, a person whose first offense was for solicitation to possess marijuana and whose second offense is for the more serious crime of possession of narcotics will be treated as a first-time drug offender and cannot be sentenced to any incarceration for the crime of possession. In contrast, a person whose first offense was for possession of narcotics and whose second

**200**

offense was for the less serious offense of solicitation to possess marijuana faces the prospect of serving up to one flat year in jail as a condition of probation on the solicitation offense. Such a paradoxical result could not possibly have been intended by the drafters of Proposition 200 or the electorate that voted for it. *See Gray v. Irwin*, 195 Ariz. 273, 276, ¶ 12, 987 P.2d 759, 762 (App.1999) (rejecting the argument that prior convictions for possession for sale are not disqualifying priors under § 13–901.01(G) because the drafters could not have intended such a "paradoxical result").

■ ¶ 21 Nor do we believe that the due process concept of "fair notice" is violated when a person who initially benefits from having a preparatory drug offense treated as a first-time conviction pursuant to § 13–901.01(A) is subsequently convicted of a second drug-related offense and sentenced pursuant to § 13–901.01(F). Furthermore, the rule of lenity, if otherwise appropriate, is inapplicable when the intent behind the statute is, as here, "discernable." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.1997); *see also* A.R.S. § 13–104 (2001).[7]

¶ 22 Therefore, the court acted properly in sentencing petitioner as a second-time drug offender pursuant to § 13–901.01(F).[8]

### CONCLUSION

¶ 23 Accordingly, we accept jurisdiction but deny relief.

CONCURRING: JOHN C. GEMMILL and LAWRENCE F. WINTHROP, JJ.

---

7. Section 13–104 provides that "[t]he general rule that a penal statute is to be strictly construed does not apply to this title, but the provisions herein must be construed according to the fair meaning of their terms to promote justice and effect the objects of the law...."

8. Both our holdings are consistent with the recent amendments to § 13–901.01 by Proposition 302. First, A.R.S. § 13–901.01(H) (Supp.2002) explicitly commits to the trial court the responsibility for determining whether a defendant is ineligible for mandatory probation because of *previous convictions*, refusal of drug treatment, or rejection of probation. Second, "drug paraphernalia" is now explicitly included as a probation-eligible offense in § 13–901.01(A) and as an offense that constitutes a prior conviction in §§ 13–901.01(F) and (H) (formerly (G)). We perceive no reason why attempted possession of drug offenses and possession of drug paraphernalia offenses, both of which are less serious than actual possession offenses, should be treated differently from one another under § 13–901.01 only when counting prior convictions.