887 P.2d 577

**STATE of Arizona, Appellee,**

v.

**Alfredo Luis PAREDES, Jr., Appellant.**

**No. 2 CA–CR 93–0129.**

Court of Appeals of Arizona,
Division 2, Department B.

May 24, 1994.

Redesignated as Opinion July 8, 1994.

Review Denied Jan. 24, 1995.

48

Grant Woods, Atty. Gen. by Paul J. McMurdie and Colleen L. French, Phoenix, for appellee.

Constance L. Trecartin, Tucson, for appellant.

## OPINION

ESPINOSA, Presiding Judge.

N.M., an assistant manager of a Circle K in Nogales, was shot in the face while working in the early morning of May 6, 1992. Following a preliminary hearing, appellant Alfredo Paredes was ordered to answer three charges: conspiracy, a class one felony; attempted first-degree murder, a dangerous

offense and class two felony; and burglary of a nonresidential structure, a class four felony. The state subsequently filed an information charging Paredes with conspiracy to commit first-degree murder, armed robbery, and burglary of a nonresidential structure, with overt acts alleged to be of a dangerous nature. Paredes was additionally charged with attempted first-degree murder, burglary of a nonresidential structure, and armed robbery, all alleged to be dangerous offenses.

The state also alleged that Paredes (1) committed the offenses while on release from confinement pursuant to A.R.S. § 13-604.02(A); (2) committed the offenses while on pretrial release pursuant to A.R.S. § 13-604(M); (3) had a prior felony conviction pursuant to A.R.S. § 13-604(K); and (4) would be subject to *Hannah*[1] sentencing enhancement if convicted in a pending unrelated case.

Following a jury trial, Paredes was convicted and sentenced as follows: conspiracy to commit armed robbery and burglary of a nonresidential structure, a dangerous offense committed while on probation—life imprisonment with no possibility of parole for 25 years; attempted second-degree murder, a dangerous offense committed while on probation—life imprisonment with no possibility of parole for 25 years; burglary of a nonresidential structure, a dangerous offense with one prior conviction—12 years' imprisonment; and armed robbery, a dangerous offense committed while on probation—life imprisonment with no possibility of parole for 25 years.

On appeal, Paredes contends that his convictions should be reversed on grounds that (1) fundamental error occurred when his trial attorney failed to move for dismissal of certain charges; (2) testimony about Paredes's "mug shot" was impermissibly admitted into evidence; (3) the jury was improperly allowed to consider too many verdict forms and to find that the conspiracy conviction was a dangerous nature offense; and (4) he was improperly sentenced on the burglary conviction. For the reasons discussed below we affirm.

**Ineffective Assistance of Counsel**

■ The parties do not dispute that Paredes was tried by information on charges that exceeded the scope of the preliminary hearing order, and Paredes concedes that he is precluded from asserting that the trial court lacked personal jurisdiction of certain offenses because his trial counsel failed to timely raise any defects in the charging document pursuant to former Ariz.R.Crim.P. 16.5(b), 17 A.R.S. *State ex rel. Baumert v. Municipal Court,* 124 Ariz. 543, 606 P.2d 33 (App.1979). However, Paredes contends that his convictions on these charges must be reversed, arguing that his counsel's inaction constituted "fundamental error." We disagree. "[A] claim of ineffective assistance of counsel may not be asserted for the first time on appeal. It must be first presented to the trial court by a petition for post-conviction relief...." *State v. Allgood,* 171 Ariz. 522, 525, 831 P.2d 1290, 1293 (App.1992); *see also* Ariz.R.Crim.P. 32.1(a), 17 A.R.S. Paredes has not filed a petition for post-conviction relief asserting ineffective assistance of counsel; therefore, we cannot consider his claim on appeal.

**Testimony About "Mug Shot" Identification**

■ Paredes next contends that the trial court committed reversible error when it allowed into evidence testimony which implied that he had been arrested previously. During the state's case-in-chief, Officer Jesus Garcia of the Nogales Police Department testified on redirect examination that he had shown the victim a "mug shot" of Paredes, and explained that mug shots are "photographs from persons, individuals that have been arrested before...." Paredes's trial counsel did not object, move for a mistrial, or ask the court to admonish the jurors to disregard the comments.

Paredes argues that he was denied a fair trial, contending that the "mug shot" reference was highly prejudicial, irrelevant, and inadmissible, and that these factors alone warrant reversal. Although we agree with Paredes that it was improper to introduce

---

1. *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980).

this evidence, the error was not fundamental. "[I]n order to justify a reversal an error must be prejudicial under the facts of the case. The test is whether there was reasonable probability under such facts that a verdict might have been different had the error not been committed." *State v. White*, 168 Ariz. 500, 508, 815 P.2d 869, 877 (1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *State v. Brady*, 105 Ariz. 190, 196, 461 P.2d 488, 494 (1969)) (citations omitted).

The evidence of Paredes's guilt was overwhelming. Five days before the shooting, Paredes purchased a Beretta nine millimeter pistol. Although the gun was never found, the crime lab expert testified that the bullet extracted from the victim's body came from either a Beretta or a Browning nine millimeter pistol. Bobby Lopez and Chris Lowe testified that Paredes was carrying a gun with him throughout the evening and that they had arrived at the convenience store intending to steal beer. Lopez and Paredes went inside while Lowe waited in the truck. Lopez saw Paredes shoot N.M. Lowe heard the gunshot and saw Paredes running out of the store with three twelve-packs of beer in one hand and a gun in the other. Several witnesses testified that Paredes told them he had shot the clerk. N.M. also testified that he was shot by the person who had entered the store with Lopez. After reviewing the evidence in its entirety, we conclude beyond a reasonable doubt that the jury would have reached the same verdict absent the "mug shot" testimony. Its admission, therefore, was harmless error.

### Verdict Forms

■ Paredes next suggests that his conspiracy conviction was improper because the trial court allowed the jury to consider two verdict forms on that charge when they were provided with only one verdict form on the other three charges. According to Paredes, the additional verdict form implied to the jury that the conspiracy charge was particularly important, and "this could encourage them" to find him guilty. Paredes concedes that he did not object to the forms at trial; therefore, this issue can only be examined

under the doctrine of fundamental error. *State v. Moya*, 140 Ariz. 508, 683 P.2d 307 (App.1984); Ariz.R.Crim.P. 21.3(c), 17 A.R.S. Error is fundamental when it goes to the foundation of the case or is of such dimension that the defendant cannot be said to have had a fair trial. *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). We have reviewed the record and cannot say that the verdict forms caused Paredes's trial to be unfair. There is substantial evidence to support the conspiracy conviction. Furthermore, there is no evidence or implication in the record that the jury was adversely influenced by the additional form.

### Conspiracy and the Dangerous Nature Allegation

■ Paredes challenges his sentence for the conspiracy conviction, contending that the jury finding that it was a dangerous nature offense was improper. On both conspiracy verdict forms, the jury was instructed that if it found Paredes guilty, it must then decide if the conspiracy was a dangerous offense. Because the jury found that it was, and because Paredes committed the offense while he was on probation, the trial court enhanced his sentence to life imprisonment pursuant to A.R.S. § 13–604.02(A).

Paredes first argues that conspiracy cannot be a dangerous nature offense because it requires only an agreement and because a conspirator's liability stems from the mere planning of a crime. We do not find this argument persuasive. The elements of conspiracy are: (1) an intent to promote or aid the commission of an offense; (2) an agreement with one or more persons that one of them or another person will engage in conduct constituting the offense; and (3) an overt act committed in furtherance of the offense. A.R.S. § 13–1003(A); *State v. Newman*, 141 Ariz. 554, 688 P.2d 180 (1984). At the time of Paredes's conviction and sentencing, § 13–604.02(A) provided:

> Notwithstanding any provision of law to the contrary, a person convicted of *any felony offense involving the use or exhibition of a deadly weapon or dangerous instrument* ... if committed while the person is on probation for a conviction of a

felony offense or parole, work furlough or any other release or escape from confinement for conviction of a felony offense shall be sentenced to life imprisonment. . . .

(Emphasis added.)

The plain language of this statute does not exclude conspiracy from its application, and we find no inconsistency between § 13–604.02(A) and the statutory definition of conspiracy. The commission of an overt act is a required element of the offense. When one or more overt acts involve the defendant's use or exhibition of a deadly weapon, as here, we have no difficulty in concluding that the conspiracy can be found to be a dangerous nature offense. The evidence in this case clearly supports the jury's finding that the conspiracy to commit armed robbery and burglary was of a dangerous nature.

■ In the alternative, Paredes contends that the dangerous offense instruction was improper because the state did not give proper notice as required by former A.R.S. § 13–604(K), which provided that dangerous nature must be alleged "in the indictment or information." Without that allegation, Paredes argues, he could not be sentenced under § 13–604.02. That contention is without merit for two reasons. First, the conspiracy count expressly referenced § 13–604(G) in each overt act alleged. A citation to the statute provides sufficient notice of the state's intent to seek an enhanced sentence on grounds of dangerousness. *State v. Barrett*, 132 Ariz. 88, 644 P.2d 242 (1982), *overruled on other grounds, State v. Burge*, 167 Ariz. 25, 804 P.2d 754 (1990). Second, Paredes was given specific notice that the state would seek enhanced sentencing pursuant to § 13–604.02(A) by way of a timely addendum to the information. While a defendant must be notified prior to trial that enhanced punishment is sought, the requirement that such notice must be included in the indictment or information is neither contained in nor applicable to this section. *State v. Villafuerte*, 142 Ariz. 323, 690 P.2d 42 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1234, 84 L.Ed.2d 371 (1985).

■ Paredes also challenges his conspiracy sentence on the ground that the instructions on conspiracy and dangerousness were insufficient to inform the jury that the conspiracy must have involved the use of a weapon to be a dangerous nature offense. Paredes contends that the jury should have been specifically instructed that it must find that the overt acts committed in furtherance of the conspiracy involved the use or threatened use of a deadly weapon. He provides no support for this proposition, however, and neither raised it below nor objected to the instructions about which he now complains. The issue is therefore waived on appeal absent fundamental error. *State v. Nirschel*, 155 Ariz. 206, 745 P.2d 953 (1987). We find no error in the instructions given, and the record is devoid of any indication that they were confusing or misleading. Furthermore, the jury's finding of dangerousness was amply supported by the evidence. The trial court properly imposed the enhanced sentence.

### Burglary Sentence

■ Paredes was convicted of burglary of a nonresidential structure, a class four felony, in violation of A.R.S. § 13–1506. He was sentenced to a concurrent term of 12 years' imprisonment based on findings of aggravation, dangerousness, and one prior conviction. He contends that the court erred in sentencing him as a dangerous repeat offender under § 13–604(G), arguing that that section applies only to class two and class three felonies and that his prior conviction was for a nondangerous offense. Paredes is correct on this point; however, we decline to remand for resentencing because he was not prejudiced by the error. Had the state cross-appealed the illegal sentence, it likely would be necessary for this court to remand for resentencing. In that event, it appears Paredes would be subject to a mandatory life sentence pursuant to § 13–604.02(A) which, contrary to Paredes's unsupported assertions, can be applied independently of the provisions of § 13–604. *See State v. Torrez*, 141 Ariz. 537, 687 P.2d 1292 (App.1984).

We have reviewed the entire record for fundamental error and have found none. The judgments of conviction and the sentences imposed are affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.