18 P.3d 127

**STATE of Arizona, Appellee,**

v.

**David Jay BENAK, Appellant.**

**No. 1 CA–CR 99–0920.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 23, 2001.

Review Denied May 23, 2001.

**334**

Janet A. Napolitano, Arizona Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and J.D. Nielsen, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender by Christopher V. Johns, Deputy Public Defender, Phoenix, Attorney for Appellant.

## OPINION

BERCH, Judge.

¶ 1 David J. Benak ("Defendant") appeals his conviction and sentence for possession of a dangerous drug. He contends that the trial court erred by not sentencing him to probation pursuant to Arizona Revised Statutes ("A.R.S.") section 13–901.01 (Supp.2000). Because we agree with Defendant, we remand for resentencing.

## BACKGROUND

¶ 2 The State charged Defendant with two counts of aggravated assault, and one count each of resisting arrest, possessing a dangerous drug, and possessing drug paraphernalia. A jury acquitted him of the aggravated assault charges, but convicted him of resisting arrest and possessing a dangerous drug and drug paraphernalia.

¶ 3 Before trial, the State alleged that Defendant had four nondangerous prior felony convictions. Following trial, the court

found that Defendant had two prior historical felony convictions, one of which was for a class 3 aggravated assault. As a result, the trial court sentenced Defendant to a mitigated eight-year term for possession of dangerous drugs. The court also sentenced him to presumptive terms of 3.75 years each for resisting arrest and possession of drug paraphernalia, ordered that all sentences be served concurrently, and awarded presentence incarceration credit.

¶ 4 Defendant timely appealed his convictions, as well as the sentence on the drug charge and the award of presentence incarceration credit on all counts. Because only our resolution of the question regarding Defendant's sentence on the possession of a dangerous drug charge merits publication, we have addressed the remaining issues in a separate memorandum decision. *See* AR-CAP 28(g); Ariz.R.Sup.Ct. 111(h).

## ISSUES

¶ 5 In determining whether the trial court erred in not granting Defendant probation upon his conviction for possession of a dangerous drug, we address two questions:

1. Was the State required to allege before trial that Defendant was ineligible for probation on his drug possession conviction because he had previously been convicted of a violent crime?

2. If the State failed to make the pretrial allegation, did the State nonetheless provide Defendant with adequate notice that it was alleging that Defendant had committed a violent crime?

## DISCUSSION

*A. Was Notice Required?*

¶ 6 Any person convicted for the first or second time of possession of certain controlled substances is eligible for probation, *see* A.R.S. § 13–901.01(A), (G), if the person has not previously been indicted for or convicted of a violent crime. *See* A.R.S. § 13–901.01(B).[1] Section 13–901.01 was passed in

---

1. Section 13–901.01, A.R.S., provides as follows:
   **A.** Notwithstanding any law to the contrary, any person who is convicted of the personal

possession or use of a controlled substance ... is eligible for probation. The court shall sus-

1996 to implement "Proposition 200," an initiative calling for treatment rather than incarceration for those convicted of possessing dangerous drugs for personal use who do not have prior convictions for violent crimes. *See* A.R.S. § 13–901.01 (Historical and Statutory Notes). The possession conviction is Defendant's first conviction for a drug offense. As a result, Defendant argues, the court erred by not imposing probation for that offense because the State failed to properly allege and prove that a prior conviction for a violent crime rendered him ineligible for probation. *See* Proposition 200, § 3; A.R.S. § 13–901.01(A), (B).

¶ 7 The record clearly shows that, although the State alleged prior *non* dangereous felony convictions, as required under A.R.S. section 13–604 (Supp.2000), it did not allege that Defendant had committed a prior "violent" crime. Although "dangerous" and "violent" are separate concepts, they share a similar definition. A dangerous offense is one "involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another." A.R.S. § 13–604(P). A "violent crime," in addition to being "any criminal act that results in death or physical injury," is one that involves "any criminal use of a deadly weapon or dangerous instrument." A.R.S. § 13–604.04(B). The State's allegation of *non* dangerous prior felonies certainly does not provide notice that the State intended to allege a violent crime. The State does not contest this fact, but argues that the sentence should nonetheless be upheld.

¶ 8 Arizona law requires that the State provide notice in advance of trial if it wishes

to enhance a sentence based upon the defendant's conviction for a prior violent offense:

A. The allegation that the defendant committed a violent crime **shall** be charged in the indictment or information and admitted or found by the court....

B. For the purpose of this section, "violent crime" includes any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument.

A.R.S. § 13–604.04 (emphasis added).

■■ ¶ 9 The State contends that, even though the statute clearly appears to require that it "shall" allege violent prior convictions before to trial, section 13–901.01 does not, by its terms, require that notice be given pursuant to A.R.S. section 13–604.04(A). Indeed, according to the State, section 13–901.01 requires no notice at all. *Supra* note 1 (text of statute). Whether subsections 13–901.01(A) and (B) require that notice be given pursuant to section 13–604.04 is a question of statutory interpretation, which we review *de novo*. *See, e.g., State v. Burkett*, 179 Ariz. 109, 111, 876 P.2d 1144, 1146 (App.1993).

■■ ¶ 10 Section 13–604.04 provides the statutory procedures for notifying a defendant that the State seeks to impose an enhanced penalty. Like other statutes describing substantive offenses to which special sentencing provisions apply, and that are additionally subject to enhancement pursuant to section 13–604(P) or 13–604.04 because of their dangerous or violent nature, section 13–901.01(B) does not expressly require that notice pursuant to section 13–604.04(A) be given.[2] It does,

---

pend the imposition or execution of sentence and place such person on probation.

B. Any person who has been convicted of or indicted for a violent crime as defined in § 13–604.04 is not eligible for probation....

This case involves Defendant's *conviction* for an allegedly violent crime. We therefore do not address any issues with respect to *indictments*.

2. For example, assault can be aggravated by several factors listed in A.R.S. section 13–1204 (Supp.2000), and kidnapping may be aggravated or mitigated by the circumstances described in section 13–1304(B) (1989), and the sentence for either crime may be subject to enhancement pursuant to section 13–604(P) (enhancement for pri-

or *dangerous* felony) or section 13–604.04 (enhancement for prior *violent* crime). Yet neither the aggravated assault statute nor the kidnapping statute expressly requires pretrial notice of the intent to enhance pursuant to either 13–604(P) or 13–604.04. Nonetheless, courts have required that the State separately allege the dangerous or violent nature of the prior offense before allowing an enhancement based on dangerousness or violence. *E.g., State v. Lee*, 185 Ariz. 549, 559, 917 P.2d 692, 702 (1996) (dangerous nature of kidnapping must be separately alleged and proved before it may be used to enhance sentence); *State v. Guytan*, 192 Ariz. 514, 522–23, ¶¶ 32–37, 968 P.2d 587, 595–96 (App.1998) (re-

however, expressly incorporate the definition of violent crime from section 13–604.04, the very statute requiring that the State "shall" allege the violent nature of an enhancement offense in the indictment or information or by a timely pre-trial notice or motion. This incorporation supports the conclusion that the State must provide notice pursuant to section 13–604.04 if it intends to preclude a sentence of probation on the grounds that a defendant has been convicted of a violent crime.

¶ 11 The history of the relevant statutes provides yet another indication that the State must give notice if it wishes to enhance a defendant's sentence with a prior conviction for a violent crime. Like section 13–901.01, the notice requirement of section 13–604.04 was adopted as part of the statutory scheme enacted to implement Proposition 200. The initiative language that became section 13–901.01(B) referred to "violent crime as defined [in] § 41–1604.14, subsection B," another section that originated in the initiative measure. Proposition 200, §§ 5, 10(B). Section 41–1604.14 was subsequently renumbered as 41–1604.15, and the definition of "violent crime" was moved to section 13–604.04, which included, as subsection A, the requirement that allegations of violent crimes be filed before trial, and, as subsection B, a definition of "violent crime." 1997 Ariz.Sess. Laws, ch. 6, §§ 1, 3. Finally, the reference in section 13–901.01(B) to the definition of violent crime was changed from section "41–1604.15, subsection B" to section 13–604.04, with no specification of a particular subsection. 1999 Ariz. Sess. Laws, ch. 261, § 12. It thus appears that the reference in section 13–901.01 to 13–604.04 was intended to incorporate all of section 13–604.04, including the notice requirement.

¶ 12 This history demonstrates that sentence enhancement based on the commission of a violent crime is an integral part of the statutory scheme enacted to codify Proposition 200. Nothing in the language of section 13–604.04 provides that it does not apply to section 13–901.01 cases. The notice requirement of section 13–604.04 therefore applies to the statutes enacted to codify Proposition 200.[3]

¶ 13 We find further support for this conclusion in the language of the notice statute, which closely resembles that in A.R.S. section 13–604(P), the statute generally governing allegations of prior convictions, dangerousness, and commission of offenses while on pretrial release. Like a finding of those factors, a finding that a defendant has committed a violent crime increases the range of the potential punishment and renders the defendant ineligible for probation and subject to incarceration. *Compare* A.R.S. § 13–604 *with* A.R.S. § 13–901.01(B). We therefore find the interpretation of the notice provisions of section 13–604(P) instructive in construing section 13–604.04 and in determining procedures necessary to address the constitutional concerns that lack of notice of intent to proceed under section 13–901.01(B) might raise.

¶ 14 As does section 13–604.04, section 13–604(P) requires the State to file allegations that a defendant committed a violent crime before trial begins. *Cf. State v. Rodgers,* 134 Ariz. 296, 306, 655 P.2d 1348, 1358 (App.1982) (holding that all allegations of prior convictions must be made before trial). Pretrial notice enables a defendant to know the full range of potential punishment he faces upon

quiring State to file section 13–604(P) allegations before the case was "actually tried" in order to use priors to enhance defendant's sentence).

**3.** Neither party cited *Bolton v. Superior Court,* 190 Ariz. 201, 945 P.2d 1332 (App.1997), which held that a trial court may reject a plea requiring a sentence of probation for an offense pursuant to A.R.S. section 13–901.01 if the defendant has prior convictions, even though the State has not alleged the prior convictions. We believe that the opinion is correctly decided because it involves a trial court's authority to reject a profferd plea agreement. The case does, however, "hold

that whether a defendant is entitled to be sentenced pursuant to section 13–901.01 is a matter of law to be decided by the court; it is not a matter of pleading or plea bargaining to be decided by the State." *Id.* at 203, 945 P.2d at 1334. We believe that this statement, if taken out of the plea bargaining context, is overbroad. *See State ex rel. Bowers v. Superior Court,* 173 Ariz. 34, 40, 839 P.2d 454, 460 (App.1992) (prosecution has sole discretion to file allegations of prior convictions for purposes of enhancing sentence).

conviction; fundamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options. *State v. Waggoner*, 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985); *State v. Guytan*, 192 Ariz. 514, 522–23, ¶ 32, 968 P.2d 587, 595–96 (App.1998). The same notice and fairness considerations that inform the analysis of section 13–604 also support the conclusion that a defendant is entitled to know before trial whether the State is alleging that he has committed a violent crime so that he may accurately ascertain the potential punishment he faces should he elect to exercise his right to trial. We hold that A.R.S. section 13–604.04 applies to A.R.S. section 13–901.01 and requires the State to allege before trial that a defendant has committed a violent crime in order to exclude a defendant from probation eligibility pursuant to section 13–901.01(B).

## B. Was Notice Adequate?

¶ 15 The State maintains that, if pretrial notice was required, its allegation of prior nondangerous felony convictions and the disclosure of the police report and minute entry concerning the prior aggravated assault conviction constituted sufficient notice to Defendant. The State argues that a defendant is not prejudiced by its failure to comply with statutory notice requirements if the defendant knows before trial of the State's intent to seek enhanced punishment. *See State v. Williams*, 144 Ariz. 433, 442, 698 P.2d 678, 687 (1985).

¶ 16 In some cases, reference in the indictment or information to the statute under which the enhancement is authorized may constitute sufficient notice. *State v. Burge*, 167 Ariz. 25, 28, 804 P.2d 754, 757 (1990). Notice, however, must be such that the defendant is not "misled, surprised or deceived in any way by the allegations" of prior convictions. *State v. Bayliss*, 146 Ariz. 218, 219, 704 P.2d 1363, 1364 (App.1985). We do not agree that Defendant was fairly forewarned of the State's intent to allege a *violent* prior offense.

¶ 17 The allegation of prior *non* dangerous felonies and the disclosure of discovery materials, although appropriate notice that the State sought to enhance Defendant's sentence pursuant to section 13–604, did not clearly inform Defendant that the State would seek to render him ineligible for probation as one who had previously committed a violent crime. While the allegation referred to specific subsections of section 13–604, it neither specifically referred to section 13–604.04 nor mentioned "violent crime." The State elected to allege the prior offenses, including the aggravated assault, as *nondangerous* offenses.

¶ 18 Although the minute entry and police report alerted Defendant that the State was aware that a knife had been used in the assault offense, they provided no notice that the State intended to use these facts to assert that the assault was a violent crime that would preclude the imposition of probation under section 13–901.01(B). Because it had alleged the offense only as a prior conviction under section 13–604, the State was statutorily required to provide Defendant with the additional disclosure if it wished to further enhance Defendant's sentence. *See* A.R.S. § 13–604(P) (precluding the imposition of section 13–604 penalties unless the State alleged "the dangerous nature of the felony" in the indictment or information). Defendant had no reason to interpret the State's disclosure as anything other than the State's notice that it was alleging prior nondangerous felony convictions. The disclosures were not sufficient to put him on notice that the State intended to use the information to prove that the prior offense was a violent crime. *See Guytan*, 192 Ariz. at 523, ¶ 37, 968 P.2d at 596 (stating that the defendant's awareness that gang-related facts would be presented at trial was not notice that State would seek to enhance sentence based on gang involvement). Fundamental fairness requires that Defendant be provided such information before trial so that he can adequately evaluate his potential sentence and his options. We conclude that the State failed to provide Defendant with adequate notice of its intent to

exclude him from probation eligibility under A.R.S. section 13–901.01(B).[4]

## CONCLUSION

¶ 19 To exclude Defendant from mandatory probation under section 13–901.01(B), the State was required to provide him with notice by alleging before trial that he had previously committed a violent crime. Because the State failed to make the required allegation, Defendant remained eligible for probation on the drug charge. Accordingly, we remand for resentencing on the dangerous drug conviction.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, ANN A. SCOTT TIMMER, Judge.

4. Because we remand for resentencing on this issue, we do not address Defendant's remaining arguments with respect to A.R.S. section 13–901.01.