IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2009-0020 |
| | ) | DEPARTMENT A |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| CHRISTOPHER WAYNE FRANCIS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20073878

Honorable Howard Hantman, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Amy M. Thorson                                    Tucson
                                                                 Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                                       Tucson
                                                                Attorneys for Appellant

K E L L Y, Judge.

**¶1** After a jury trial, Christopher Francis was convicted of multiple felony charges related to his involvement in marijuana trafficking. The trial court sentenced him under A.R.S. § 13-3419 for multiple drug offenses committed on separate occasions and consolidated for trial. On appeal, he contends the court improperly imposed enhanced sentences for several of his convictions.[1] We affirm.

### Background

**¶2** "We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the verdicts." *See State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999). In September 2006, a police officer observing suspected drug transportation activity saw appellant Francis and his codefendant Monica Guzman enter a house on Calle Lado Al Rio in Tucson. Francis and Guzman left shortly thereafter in one car, following a second car driven by codefendant Rohan Butler. Officers followed Butler to a house on Camino Laguna Seca and conducted a "knock and talk" investigation.

**¶3** When Butler answered the door, he was talking on several cellular telephones. He told the officers he was visiting the house and his friend "Michael" lived there. While talking to officers, Butler answered a call and told them the caller said the police did not have a warrant and Butler could not let them in the house. At the same

---

[1]Francis raises other issues that do not meet the criteria for publication. *See* Ariz. R. Sup. Ct. 111(b). We address them in a separate, contemporaneously filed memorandum decision. *See* Ariz. R. Sup. Ct. 111(h). Although not directly relevant to the issue discussed here, we provide the facts and procedural background in this opinion to provide context for our discussion.

time, other officers found two bales of marijuana behind the back wall of the house and saw footprints leading from the back door to the bales.

¶4 After officers obtained warrants to search both houses, they first searched the Laguna Seca house and found documents bearing Francis's name, photographs of Francis and Guzman, letters addressed to individuals at the Calle Lado Al Rio address, marijuana, ledgers, a digital scale, and packing materials. In the master bedroom, they found a drug ledger and shipping receipts in Francis's handwriting, with the Calle Lado Al Rio address. They also found $12,940 in cash and two handguns in the master bedroom closet.

¶5 When officers searched the house on Calle Lado Al Rio, they found it unoccupied and sparsely furnished. In it they found a pistol, wooden crates, shipping boxes, a fifty-pound digital scale, marijuana, some ledgers, and a piece of cardboard with Francis's handwriting on it. Francis was indicted, and a warrant issued for his arrest.

¶6 In April 2007, while these charges were pending, the Drug Enforcement Administration (DEA) received an unrelated tip from a local trucking company about a suspicious shipment. An undercover agent accompanied a trucking company employee to a house on Placita Brisa Grande in Tucson to pick up several shipping crates suspected to contain drugs. The crates contained approximately 1,200 pounds of marijuana. Officers saw codefendant Mark Prehay meet the truck, oversee its loading, and leave in a car with Francis shortly after the truck left. Agents later found trucking company receipts, drug ledgers, packaging materials, air fresheners, and a gun inside this house.

Based on the shipping dates on various receipts found at the three residences, mostly in Francis's handwriting, the state learned when other shipments of marijuana had been made. One receipt listed a shipment of 310 pounds from the same address, which DEA agents in Pennsylvania had intercepted and found to contain 310 pounds of marijuana.

¶7 The state obtained a second indictment encompassing both the charges from the first indictment and new transportation charges alleged after the April 2007 incident.[2] The state charged Francis with thirteen felony counts, including one count of conspiracy to commit possession and/or transportation of marijuana for sale, one count of possession of a deadly weapon during the commission of a felony drug offense, one count of possession of marijuana for sale, and ten counts of transportation of marijuana for sale.

¶8 After a twelve-day trial, the jury found Francis guilty of all counts except three counts of transporting marijuana for sale.[3] The trial court imposed a combination of consecutive and concurrent, presumptive sentences under § 13-3419, totaling fourteen years' imprisonment. This appeal followed.

---

[2]The trial court later dismissed the earlier case as to Francis because the indictment for the current case included those charges.

[3]At the close of the state's case, the court granted the state's motion to dismiss one of the transportation charges and it declared a mistrial as to two other transportation counts for which the jury had been unable to reach a verdict.

**Discussion**

¶9        Francis contends the trial court improperly enhanced his sentences because he had received no notice of the state's intent to seek sentence enhancements before trial. The state did not cite § 13-3419[4] in the indictment nor did it file a separate allegation related to that statute. But the indictment charged Francis with multiple drug offenses committed on different days. After counsel argued to the court whether § 13-3419 could be applied, the court sentenced Francis under that statute. "Sentencing determinations are reviewed for abuse of discretion," *State v. Davolt*, 207 Ariz. 191, ¶ 112, 84 P.3d 456, 481 (2004), but we review questions of statutory interpretation de novo. *State v. Benak*, 199 Ariz. 333, ¶ 9, 18 P.3d 127, 129 (App. 2001).

¶10        Section 13-3419 provides that a defendant convicted of two or more of certain drug-possession offenses "that were not committed on the same occasion but . . . are consolidated for trial" is subject to the sentencing range set forth in that statute. For Francis's class two felonies involving more than the statutory threshold amount of drugs, the presumptive sentence under § 13-3419 is five years for a defendant convicted of two offenses and seven years for a defendant convicted of three or more offenses. § 13-3419.[5]

---

[4]The Arizona criminal sentencing code has been renumbered, effective "from and after December 31, 2008." *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 1-120. For ease of reference and because the renumbering included no substantive changes, *see id.*, we refer in this decision to the current section numbers rather than those in effect at the time of the offense in this case.

[5]In contrast, five years is the presumptive sentence for a defendant convicted of a single class two felony. A.R.S. § 13-702(D).

**¶11**    As Francis concedes, "no court has specifically addressed the notice required to apply a sentence enhancement under . . . § 13-3419." But, as he also points out, courts have required the state to give defendants notice if it wishes to enhance a sentence pursuant to other statutes. In requiring notice, courts have expressed concern about fundamental fairness and due process. *See Benak*, 199 Ariz. 333, ¶ 14, 18 P.3d at 130-31; *State v. Guytan*, 192 Ariz. 514, ¶ 32, 968 P.2d 587, 595-96. To satisfy those concerns and allow a defendant to decide whether to accept a plea, the "'defendant should know the full extent of the potential punishment that he faces before trial.'" *State v. Waggoner*, 144 Ariz. 237, 238-39, 697 P.2d 320, 321-22 (1985), *quoting State v. Rodgers*, 134 Ariz. 296, 306, 655 P.2d 1348, 1358 (App. 1982).

**¶12**    To that end, in the context of sentences enhanced by prior convictions, courts have required "[n]otice . . . such that the defendant is not 'misled, surprised or deceived in any way by the allegations' of prior convictions." *Benak*, 199 Ariz. 333, ¶ 16, 18 P.3d at 131, *quoting State v. Bayliss*, 146 Ariz. 218, 219, 704 P.2d 1363, 1364 (App. 1985). The state is also required to provide notice before trial that it intends to seek enhanced punishment for offenses committed while a defendant is on "release status." *Waggoner*, 144 Ariz. at 239, 697 P.2d at 322. Likewise, the state must specifically allege that it seeks enhancements for violent crimes, gang motivation, dangerous crimes against children, or dangerous offenses. *See* A.R.S. § 13-901.03 (violent crimes); *Guytan*, 192 Ariz. 514, ¶ 37, 968 P.2d at 596 (gang involvement); *State v. Hollenback*, 212 Ariz. 12, ¶¶ 9-11, 126 P.3d 159, 162-63 (App. 2005) (dangerous

6

crimes against children); *State v. Paredes*, 181 Ariz. 47, 51, 887 P.2d 577, 581 (App. 1994) (dangerousness).

¶13            In *State v. Tresize*, however, our supreme court ruled that a defendant had sufficient notice a sentencing enhancement would apply when the state alleged the use of a deadly weapon or dangerous instrument in the indictment even though it did not make a separate allegation or include a citation to the relevant statute in the indictment.  127 Ariz. 571, 574, 623 P.2d 1, 4 (1980).  The facts necessary to support sentencing Tresize under the enhancement statute were alleged in the indictment and the court therefore found "no resulting prejudice or surprise from the omission of the citation."  *Id.* Although in this case the state did not file a separate allegation citing § 13-3419, the indictment gave Francis notice that he was charged in a single cause with multiple drug offenses committed on different days, thereby alleging all the facts necessary to satisfy § 13-3419.  *See id.*  Unlike the true enhancement statutes discussed above, which require proof of an additional fact not required to prove the underlying offenses, such as the age of a child victim or conviction of a violent offense, § 13-3419 does not require proof of any facts beyond those necessary for the underlying drug convictions.

¶14            Indeed, § 13-3419 is "the exclusive sentencing provision for multiple drug offenses not committed on the same occasion but consolidated for trial."  *State v. Dominguez*, 192 Ariz. 461, ¶ 8, 967 P.2d 136, 139 (App. 1998).  Further, "Arizona courts have a duty to impose a sentence authorized by statute and within the limits set by the legislature."  *State v. Monaco*, 207 Ariz. 75, ¶ 9, 83 P.3d 553, 556 (App. 2004).  Because

7

Francis was charged with multiple drug offenses committed on different days, the provisions of § 13-3419 applied to him whether or not the state separately alleged the statute. *Cf. Bolton v. Superior Court*, 190 Ariz. 201, 203, 945 P.2d 1332, 1334 (App. 1997) (defendant's eligibility for probation-only sentencing under A.R.S. § 13-901.01, "is a matter of law to be decided by the court . . . not a matter of pleading or plea bargaining to be decided by the State").

¶15 Because the indictment alleged all the facts necessary for the trial court to sentence Francis under § 13-3419, the exclusive sentencing provision for his crimes, Francis presumptively was aware of "'the full extent of the potential punishment that he face[d] before trial.'" *Waggoner*, 144 Ariz. at 239, 697 P.2d at 322, *quoting Rodgers*, 134 Ariz. at 306, 655 P.2d at 1358; *see also Merrill v. Gordon*, 15 Ariz. 521, 532, 140 P. 496, 500 (1914) ("'The administration of justice, the law itself as a practical system . . . requires that some fundamental assumptions should be made as postulates. The most important of all these is the assumption that all persons of sound and mature mind are presumed to know the law.'"), *quoting Copper Belle Mining Co. v. Gleeson*, 14 Ariz. 548, 555, 134 P. 285, 288 (1913); *cf.* A.R.S. § 13-204(B) ("Ignorance or mistake as to a matter of law does not relieve a person of criminal responsibility."). Thus, we cannot say the state surprised or misled Francis about what his sentence would be, *see Benak*, 199 Ariz. 333, ¶ 16, 18 P.3d at 131, particularly when he has neither alleged nor even suggested that the application of § 13-3419 was a factor he considered in reaching his decision to proceed to trial.

¶16        Our conclusion that § 13-3419 may be applied in these circumstances is bolstered by its history. In 1993, the legislature enacted several statutes to address problems with the state's mandatory sentencing system. *See* Cami Byrd, *Legislative Review*, Criminal Code Revision, 26 Ariz. St. L.J. 341, 342-43 (1994). Among these new statutes were several addressing drug offenses, including § 13-3419. *Id.* at 346-47 & n.40.[6]

> This statute and its companion, A.R.S. § 13-702.02, supplanted the practice of alleging "*Hannah*" priors. . . . For instance, previously, under [*State v.*] *Hannah*, [126 Ariz. 575, 617 P.2d 527 (1980),] when a defendant was convicted of three felony counts that were tried together, the state could allege two of the convictions as priors for the other conviction, thus subjecting a defendant who came to court without a prior conviction to a lengthy prison term. The sentencing provisions promulgated in A.R.S. section 13-702.02 and -3419 are much less severe.

*State v. Christian*, 205 Ariz. 64, n.11, 66 P.3d 1241, 1245 n.11 (2003). Whether alleged or not, § 13-3419 also protects defendants who, like Francis, are convicted at one trial for offenses committed on different occasions from receiving lengthy prison terms based upon prior convictions which had not existed when the trial began. Under these circumstances, we cannot say the trial court abused its discretion in sentencing Francis under § 13-3419, even in the absence of it being separately alleged by the state.

---

[6]In 1996, the legislature amended A.R.S. § 13-3419(A) to apply in cases where the defendant's prior conviction did not qualify as an historical prior felony conviction, thereby "increas[ing] the number of drug offenses for which a prison sentence was mandatory." *State v. Christian*, 205 Ariz. 64, ¶ 17, 66 P.3d 1241, 1246 (2003); *see also* 1996 Ariz. Sess. Laws, ch. 123, §§ 1, 3. In this decision we address only those cases where, as here, a defendant is charged with two or more drug offenses not committed on the same occasion but consolidated for trial.

**Disposition**

¶17      For the foregoing reasons, as well as those set out in our separate memorandum decision, we affirm Francis's convictions and sentences.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Presiding Judge