NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM K. AGYEPONG, *Appellant.*

No. 1 CA-CR 20-0039
FILED 3-4-2021

Appeal from the Superior Court in Maricopa County
No.  CR2018-141758-001
The Honorable Julie A. LaFave, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

**¶1**        William K. Agyepong appeals his sentences for two counts of trafficking stolen property, arguing he was improperly sentenced under A.R.S. § 13-703(A) concerning repetitive offenders.   For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        In 2014, K.H.[2] hired Agyepong as a caregiver for her husband, J.H.  After J.H. died later that year, Agyepong continued to work for K.H. until July 2017.   In 2015, after returning from a trip to Michigan, K.H. discovered three jewelry pieces—a watch,  wedding ring,  and a yellow diamond ring—missing from her dresser drawer.  She reported the missing pieces to her insurance company but did not file a police report at that time. In March 2016, Agyepong sold K.H.'s rings to a diamond buyer in Scottsdale, and then, the following month, he sold her watch to the same jewelry dealer and deposited the proceeds of both sales into his bank account.  Agyepong was arrested after K.H. reported the theft to police in 2018.

**¶3**        The State charged Agyepong with one count of theft, a Class 2 felony, and two counts of trafficking in stolen property, Class 3 felonies. The State did not cite A.R.S. § 13-703(A) in the complaint or the information filed the morning of trial.

**¶4**        At an initial pretrial conference, the State gave Agyepong a *Donald* advisement.  *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000)

---

[1] We view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Agyepong.  *State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).

[2] Initials are used to protect the victims' privacy.  *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

("[O]nce the State engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer."). He was advised that if he were found guilty at trial on all counts, he would be sentenced as a category-one repetitive offender to between two and 8.75 years on count 2, and as a category-two repetitive offender to between 3.25 and 16.25 years on count 3. *See* A.R.S. § 13-703(A). The State's premise for the enhanced sentences was that a conviction on count 1 would serve as the prior conviction for the sentence imposed on count 2, and the convictions on counts 1 and 2 would serve as the prior convictions for the sentence imposed on count 3. Agyepong's counsel did not object to or correct the sentencing ranges in the advisement, and Agyepong affirmed he understood the range of penalties.

¶5        The parties filed a joint pretrial statement that contained the same sentencing ranges discussed at the *Donald* advisement, including the sentencing enhancements for counts 2 and 3 under § 13-703(A). At a *Donald* advisement given on the day of trial, Agyepong was again informed about the mandatory sentencing enhancements for counts 2 and 3 under § 13-703(A). Agyepong's counsel did not dispute the sentencing range or object to the sentencing enhancements contemplated during the advisement, and Agyepong avowed he understood the range of penalties and the plea offer.

¶6        The jury found Agyepong guilty on all three counts. At sentencing, he argued that because the State had not properly noticed the sentencing enhancement under § 13-703(A), it was inapplicable. The trial court sentenced Agyepong as a non-dangerous, non-repetitive offender on count 1; as a non-dangerous, category-one repetitive offender on count 2; and as a non-dangerous, category-two repetitive offender on count 3. *See* A.R.S. § 13-703(A).

¶7        We have jurisdiction over Agyepong's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

**DISCUSSION**

¶8        On appeal, Agyepong does not dispute his convictions but argues (1) the State did not properly notice its intent to sentence him on counts 2 and 3 as a repetitive offender under § 13-703(A), and (2) the court erred in sentencing him under § 13-703(A). We address each argument in turn. "Sentencing determinations are reviewed for abuse of discretion, but

we review questions of statutory interpretation de novo." *State v. Francis*, 224 Ariz. 369, 371, ¶ 9 (App. 2010) (internal quotes and citations omitted).

I. Whether notice was adequate.

**¶9**　　　　Agyepong contends he did not receive notice that the State would ask the court to sentence him as a repetitive offender under § 13-703(A).  He further argues that such notice must be given in an information or indictment or an amended charging document.  Not so.

**¶10**　　　　"Notice . . . must be such that the defendant is not 'misled, surprised or deceived in any way by the allegations' . . . ." *State v. Benak*, 199 Ariz. 333, 337, ¶ 16 (App. 2001) (quoting *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985)) (addressing whether a defendant had sufficient notice of State's intent to designate prior felony convictions as dangerous under A.R.S. § 13-604.04).  To determine whether notice was adequate, "courts look beyond the indictment to determine whether defendants received actual notice of charges, and the notice requirement can be satisfied even when a charge was not included in the indictment." *State v. Freeney*, 223 Ariz. 110, 114, ¶ 24 (2009) (considering whether Sixth Amendment notice requirement was satisfied by actual notice).

**¶11**　　　　Although neither the complaint nor the information referred to § 13-703(A), the record demonstrates Agyepong had sufficient notice he could be sentenced as a repetitive offender.  Here, counts 1, 2, and 3 alleged offenses committed on three different dates.  Thus, the information alleged all the facts necessary for the court to sentence him under § 13-703(A).  *See Francis*, 224 Ariz. at 372, ¶ 13 (concluding defendant had notice A.R.S. § 13-3419 applied to sentencing when indictment charged drug offenses occurring on different dates).

**¶12**　　　　Also, the trial court twice advised Agyepong during the *Donald* advisements that he could be sentenced pursuant to § 13-703(A).  After both advisements, Agyepong affirmed he understood the sentencing ranges he faced if he was found guilty.  Moreover, the parties' joint pretrial statement listed § 13-703(A) as a mandatory sentencing enhancement.  Thus, Agyepong had sufficient notice that he could be sentenced as a repeat offender under § 13-703(A).  *See Freeney*, 223 Ariz. at 114, ¶ 27 (finding defendant received sufficient notice from State's pretrial disclosures, including a joint pretrial statement); *State v. Williams*, 144 Ariz. 433, 442 (1985) (finding no prejudice by statutory non-compliance when the defendant had actual notice of the State's intent to use prior convictions to seek an enhanced sentence).

II. Whether the offenses were committed on three different occasions pursuant to § 13-703(A).

**¶13**        Under § 13-703(A), a person convicted of multiple felony offenses that were not committed on the same occasion but were consolidated for trial "shall be sentenced as a first time felony offender pursuant to § 13-702 for the first offense, as a category one repetitive offender for the second offense, and as a category two repetitive offender for the third and subsequent offenses." To determine whether offenses have been committed on the same occasion, courts consider five factors: (1) time, (2) place, (3) the number of victims, (4) whether the crimes were continuous and uninterrupted, and (5) whether they were directed to the accomplishment of a single criminal objective. *State v. Kelly*, 190 Ariz. 532, 534, ¶ 6 (1997).

**¶14**        Agyepong contends he was improperly sentenced under § 13-703(A) because his three offenses were committed on the same occasion. He argues that under the *Kelly* factors, the offenses charged in counts 2 and 3 were committed on the same occasion because there was only one victim, K.H., the jewelry was resold to the same dealer, and all the offenses furthered a single criminal objective, i.e., to resell stolen jewelry for cash.

**¶15**        The *Kelly* factors do not support Agyepong's argument. Although two of the factors, place and number of victims, arguably weigh in favor of a finding that Agyepong committed the offenses on the same occasion, he was convicted on counts 2 and 3 for selling the stolen jewelry, and it was undisputed that he made those sales on two different dates.

**¶16**        Next, Agyepong argues the two offenses were continuous and uninterrupted. But he sold the rings to a secondhand dealer, deposited the check, then waited three weeks before returning to sell the watch, and then deposited the second check. Given the length of time between the two sales, the two crimes were separate events. *See id.*

**¶17**        Finally, we consider whether the offenses were directed to the accomplishment of a single criminal objective. *See id.* Agyepong maintains his sole criminal objective was to sell the stolen jewelry for cash, and each offense furthered that objective. However, both the Arizona Supreme Court and this court have "rejected the notion that a scheme to commit multiple crimes in order to make money is a single criminal objective, even when some *Kelly* factors are present." *State v. Flores*, 236 Ariz. 33, 37, ¶ 11 (App. 2014); *see also State v. Perkins*, 144 Ariz. 591, 595–97

(1985), *overruled on other grounds* by *State v. Noble*, 152 Ariz. 284, 287–88 (1987).

**¶18**        Because Agyepong's offenses were not committed on the same occasion, the court did not err in enhancing his sentence under § 13-703(A).

**CONCLUSION**

**¶19**        Because Agyepong was sentenced correctly under § 13-703(A), we affirm his sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA