NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERWINTHANSHEA BOYD, *Appellant*.

No. 1 CA-CR 22-0264
FILED 4-18-2023

Appeal from the Superior Court in Maricopa County
No. CR2020-001802-001
The Honorable Laura M. Reckart, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

------------------------------

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

------------------------------

**M O R S E**, Judge:

¶1        Erwinthanshea Boyd appeals the sentences imposed on him for felony convictions of stalking and aggravated harassment, arguing the superior court fundamentally erred by sentencing him as a category three repetitive offender under A.R.S. § 13-703(C) rather than as a category two offender under A.R.S. § 13-703(B).  Specifically, he challenges the court's consideration of two prior felony convictions that the State failed to allege before trial.  For the following reasons, we affirm his sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The relevant facts are uncontested.  We confine our discussion to matters related to the issue Boyd raises in this appeal.  In August 2020, a grand jury indicted Boyd on multiple felony offenses stemming from incidents occurring between June 1, 2020, and July 15, 2020.  The indictment did not allege any prior convictions.

¶3        On October 1, 2020, the State amended the indictment to allege several prior felony convictions for sentence enhancement under A.R.S. § 13-703.  The amendment alleged convictions for (1) possession of marijuana, a class 6 felony, in Maricopa County case number CR1996–013463, committed December 13, 1996, and convicted March 2, 2001; (2) possession of marijuana, a class 6 felony, in Maricopa County case number CR2000–017100, committed March 6, 2000, and convicted June 18, 2001; (3) forgery, a class 4 felony, in Maricopa County case number CR2000–018193, committed November 16, 2000, and convicted June 18, 2001; and (4) aggravated assault, a class 3 felony, in Maricopa County case number CR2005–137193, committed November 12, 2005, and convicted November 21, 2007.  Along with the amendment, the State filed a notice stating that another pending felony case in Maricopa County would, upon conviction, qualify as a historical prior felony conviction ("HPFC") under A.R.S. § 13-105(22).

¶4         That same day, the State delivered a disclosure notice to Boyd informing him, in pertinent part, that it "intend[ed] to use [his] prior felony convictions as aggravating circumstances pursuant to A.R.S. § 13-701 and for sentence enhancement under § 13-703 and 13-704." The State also filed a notice indicating its intent to prove several aggravating circumstances, including that Boyd had been previously convicted of a felony within ten years of the crimes he committed in this case, and that any out-of-state convictions could qualify as HPFCs.

¶5         At a hearing three months before trial, the prosecutor advised Boyd that he had "multiple prior felony convictions, that would make [him] a category 3 if [he] were to go to trial." *See State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000) ("[O]nce the State engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer."). The prosecutor then recounted Boyd's prison exposure as a category three offender. Boyd acknowledged that he understood he faced category three punishment upon conviction, and that he rejected the State's plea offer, which would have "dropp[ed him] from category 3 to category 2." A month before trial, the State and Boyd signed and filed a joint pretrial statement listing the charges and corresponding category three sentencing ranges.

¶6         After Boyd's five-day trial ended in March 2022, the jury found him guilty of stalking, a class 3 felony, aggravated harassment, a class 6 felony, and two lesser-included misdemeanor offenses. Boyd does not challenge the misdemeanor convictions on appeal. The jury acquitted him of the remaining charges.

¶7         During a two-day sentencing hearing on Boyd's prior felony convictions, the State introduced certified copies of department-of-corrections records ("DOC records") from Arizona and California, which contained summaries of his prior convictions along with his personal identifying information. Boyd did not object to the evidence's admission. The State also submitted a sentencing memorandum urging the court to sentence Boyd as a category three repetitive offender. In support of its request, the State cited four prior convictions, only two of which it had alleged before trial: possession of marijuana in CR2000–017100 and aggravated assault in CR2005–137193. *See supra* ¶ 3. The other, previously undisclosed prior felony cases consisted of a marijuana-possession offense

in Maricopa County case number CR2000–003971[1] and a court-order violation in California case number 16CR–036944. *See supra* ¶ 3.

**¶8** The superior court found that the State had proved the four convictions listed in its memorandum. The court did not provide any findings for the CR1996–013463 conviction, the CR2000–018193 conviction, or the pending felony case. *See supra* ¶ 3. After determining Boyd had at least two HPFCs, the court treated him as a category three repetitive offender and sentenced him to a minimum term of ten years' imprisonment on count one and a concurrent presumptive term of 3.75 years' imprisonment on count five. We have jurisdiction over Boyd's timely appeal. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

**¶9** Boyd argues he is entitled to resentencing as a category two repetitive offender because the superior court improperly used the CR2000–03971 marijuana and California cases to impose category three punishment. But Boyd agrees the 2005 aggravated assault conviction qualifies as an HPFC. We apply fundamental-error review to his unpreserved claim. *See State v. Escalante*, 245 Ariz. 135, 140, 142, ¶¶ 12, 21 (2018). Under fundamental-error review, Boyd must show trial error exists, the error is fundamental, and the error is prejudicial. *See id.* at 142, ¶ 21. An illegal sentence is fundamental error. *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002).

---

[1] In our review, we identified an evidentiary issue not raised by the parties: the DOC records contain no information about the CR2000–003971 marijuana case. Furthermore, according to a minute entry filed March 16, 2000, in that case, the superior court dismissed the drug charges against Boyd. *See State v. Boyd*, Maricopa County Superior Court No. CR2000–003971; *see also State v. Valenzuela*, 109 Ariz. 109, 110 (1973) (taking judicial notice of superior court records). These circumstances suggest the State mistakenly referred to CR2000–003971, and the court in turn adopted the misidentification in its findings, when it presumably intended to cite Boyd's marijuana-possession conviction in CR1996–013463, which was included and summarized in the DOC records. Because we conclude the superior court properly considered the California conviction as a second HPFC, the resolution of this issue has no bearing on our disposition, and we do not further address it. *See State v. Fristoe*, 251 Ariz. 255, 258, ¶ 9 n.5 (App. 2021) (declining to address an issue after resolving the case on other grounds).

**¶10** Courts must sentence defendants with two or more proven HPFCs as category three repetitive offenders. A.R.S. § 13-703(C); *see* A.R.S. § 13-703(J) (sentencing provisions for category three offenders). Mandatory sentencing enhancements under A.R.S. § 13-703 are triggered when the State proves the prior convictions alleged in the charging document. A.R.S. § 13-703(N). The State may amend the charging document to allege prior convictions "at any time before the date the case is actually tried unless the allegation is filed fewer than twenty days before the case is actually tried and the court finds on the record that the person was in fact prejudiced by the untimely filing . . . ." A.R.S. § 13-703(N); *see* Ariz. R. Crim. P. 13.5(a) (authorizing the State to amend indictments to allege prior convictions within Arizona Rule of Criminal Procedure 16.1's time limits); *State v. Williams*, 144 Ariz. 433, 442 (1985) (explaining prior convictions "may not be alleged after the verdict is returned").

**¶11** "Pretrial notice enables a defendant to know the full range of potential punishment he faces upon conviction; fundamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options." *State v. Benak*, 199 Ariz. 333, 336-37, ¶ 14 (App. 2001). Sufficient notice in this context is "such that the defendant is not misled, surprised or deceived in any way by the allegations." *Id.* at 337, ¶ 16 (internal quotation marks omitted). Pretrial disclosure materials and pleadings may provide constitutionally sufficient notice if the charging document is flawed. *See State v. Bernal*, 137 Ariz. 421, 424 (1983) (finding the late allegation of prior convictions did not prejudice the defendant when pretrial disclosure materials gave notice of the State's intent to enhance his sentence with prior convictions); *Benak*, 199 Ariz. at 337, ¶ 17 (considering "discovery materials" in assessing whether notice was sufficient); *cf. State v. Freeney*, 223 Ariz. 110, 114, ¶¶ 24, 27 (2009) (explaining "courts look beyond the indictment to determine whether defendants received actual notice of charges" for due process purposes and may consider pretrial disclosures and filings when doing so).

**¶12** Applying these principles, the State's post-verdict amendment violated A.R.S. § 13-703(N) and Rule 13.5(a). Despite the lateness of the allegations, the State relies on *Williams* for its contention that Boyd is not entitled to resentencing. The State's argument is well taken.

**¶13** In *Williams*, our supreme court found that the superior court erroneously granted the State's post-verdict substitution of a third felony conviction for one of two convictions properly alleged before trial. 144 Ariz. at 442. Even so, the court upheld the sentence because the defendant "had timely [pretrial] notice of the prosecutor's intent to use prior convictions to

seek enhanced punishment" and thus "suffered no prejudice." *Id.* In so concluding, the court held that "a defendant is not prejudiced by noncompliance with [A.R.S. § 13-703(N)] provided he is on notice before trial that the prosecution intends to seek the enhanced punishment provisions of the statute." *Id.*

¶14 Long before trial, Boyd received and acknowledged actual notice of (1) the State's intent to seek category three punishment by proving he had at least two HPFCs and (2) the specific sentences he faced based on his category three classification. *See supra* ¶¶ 3-5; *see also State v. Meza*, 1 CA-CR 20-0287, 2021 WL 1578151, at *3, ¶¶ 11-13 (Ariz. App. Apr. 22, 2021) (mem. decision) (finding sufficient notice from joint pretrial statement, State's pretrial disclosures, and court's advisement of sentencing ranges). Critically, the State's tardy amendment did not increase his sentencing exposure. *Compare Williams*, 144 Ariz. at 442, *with Benak*, 199 Ariz. at 337, ¶ 18 (finding prejudice when the State failed to alert the defendant before trial that timely-alleged prior convictions disqualified him from mandatory probation).

¶15 Boyd fails to address *Williams*, let alone explain why that case does not dispose of his claim. Instead, he complains that "introduc[ing] new allegations after a verdict defeats the purpose of notice and causes surprise[,]" claiming he was "prejudiced since he received . . . sentences well in excess of the sentencing range permissible for a category 2 offender." But he does not suggest the State's post-verdict substitution inhibited his ability to evaluate his pretrial options. The record shows that when he proceeded to trial, he had been correctly informed of his potential punishment upon conviction. He does not argue that the State failed to prove his prior convictions or that—its dilatory allegations aside—he in fact only has one HPFC.

¶16 Because Boyd has not demonstrated that he could have been sentenced under category two had he simply received pretrial notice of the challenged allegations, he has failed to carry his burden. *See Escalante*, 245 Ariz. at 142, 144, ¶¶ 21, 29, 31 (proving prejudice requires a fact-intensive, objective showing that the outcome "could have" been different absent the error). Accordingly, his claim does not warrant relief.

## CONCLUSION

**¶17**     We affirm Boyd's sentences as a category three repetitive offender.



AMY M. WOOD • Clerk of the Court
FILED:  CC